R. BRIAN DIXON, Bar No. 076247
KEVIN F. CHUNG, Bar No. 191301
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940



Attorneys for Defendants
PETROL TRANSPORT, INC. AND
BLM TRANSPORTATION COMPANY, INC.

FILED

MAY 3 0 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIE DAVIS BALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PETROL TRANSPORT, INC., BLM TRANSPORTATION COMPANY, INC.; and DOES 1 through 100,<br><br>Defendants. | Case No.  CV-F-04-5370-AWI-LJO<br><br>[PROPOSED] **FINDINGS AND RECOMMENDATIONS ON PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE TO CLASS, AND SETTING OF HEARING FOR FINAL APPROVAL**<br><br>Date:  May 18, 2006<br>Time:  9:00 a.m.<br>Dept.:  8<br>Judge:  Hon. Lawrence J. O'Neill |

The Motion for Preliminary Approval of a Class Action Settlement came before Department 8 of this Court on May 18, 2006 at 9:00 a.m., the Honorable Lawrence J. O'Neill presiding.  The Court having considered the papers submitted in support of the motion of the parties, HEREBY ISSUES THE FOLLOWING FINDINGS AND RECOMMENDATIONS:

1.      The Court grants preliminary approval of the Settlement and the Settlement Class based upon the terms set forth in the Stipulation Regarding Settlement filed and attached hereto.  The Court preliminarily finds that the Class members are similarly situated and meet the requirements for class certification under F.R.C.P.  The Court further preliminarily finds that the settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this court. It appears to the Court that the settlement is fair, adequate and reasonable as to all

final hearing and final approval by this Court.

3.     A final approval hearing on the question of whether the proposed Settlement, attorneys' fees and costs to Class Counsel and the class representatives' service payments should be finally approved as fair, reasonable and adequate as to the members of the class is scheduled for September 14, 2006, at 2:00 p.m. (Pacific Time), in Department 8 of this Court.

4.     The Court approves, as to form and content, the Notice of Pendency of Class Action, Proposed Settlement and Hearing, in substantially the form attached to the Stipulation Regarding Settlement as Exhibit "1," the Proof of Claim Form, in substantially the form attached thereto as Exhibit "2," and the Request for Exclusion Form, in substantially the form attached thereto as Exhibit "3." The Court also approves the procedure for Class Members to object to the Settlement set forth in the Notice of Pendency of Class Action, Proposed Settlement and Hearing.

5.     The Court directs the mailing of the Notice of Pendency of Class Action, Proposed Settlement and Hearing, Proof of Claim Form, and Request for Exclusion Form by first class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds that the dates selected for the mailing and distribution of the Notice and Claim Form, as set forth in paragraph 8, infra, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6.     The Class is preliminarily certified for settlement purposes only. The Settlement Class is defined as follows:    Intrastate truck drivers employed by Petrol Transport, Inc. or BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of California and who worked in excess of forty (40) hours per week during the Class Period without being paid overtime compensation. The Class Period is the period from March 3, 2000 to the date of entry of the preliminary approval order.

7.    The Court confirms The Law Offices of Jerry Budin as Class Counsel.  The matter of the NOTICE OF LIEN FOR LEGAL SERVICES filed herein on April 18, 2005 (Doc. 25) has not been determined and will be adjudicated in a separate motion or proceeding.

8.    Any class member who wishes to receive a portion of the settlement fund must complete and submit a properly completed Claim Form, pursuant to the instructions for making a claim that are set forth in the Notice, so that it is postmarked or actually received no later than August 28, 2006.  Any class member who does not submit a Claim Form will not be entitled to any recovery.

9.    Any class member may choose to "opt-out" of and be excluded from the settlement as provided in the Notice by following the instructions for requesting exclusion from the Settlement that are set forth in the Notice.  All requests for exclusion must be submitted so that they are postmarked or actually received by August 28, 2006.  Any such person who chooses to "opt-out" of and be excluded from the class will not be entitled to receive any proceeds from this settlement, and will not be bound by this settlement or have any right to object, appeal or comment thereon.

10.    Any class member who has not validly requested exclusion from this settlement may appear at the Final Approval Hearing and may object or express his/her views regarding the proposed settlement, any may present evidence and file briefs or other papers, provided that said class member has complied with the instructions in the Notice and has filed and served the objection and any supporting papers on or before July 26, 2006.  Any class member who does not make an objection in the manner provided for herein and in the Settlement shall forever be foreclosed from making any objection to the Settlement.

11.    The Court orders the following Implementation Schedule for further proceedings:

| Deadline to Mail Notice and Claim Form | June 26, 2006 |
|---|---|

| Deadline to Submit Claim or Exclusion Form | August 28 |
|---|---|
| Deadline for Receipt of Objections | July 26, 2006 |
| Final Approval Hearing | September 14, 2006 at 2:00 p.m. |
| Deadline for Mailing Settlement Checks | Within forty five (45) days after the Effective Date as defined in the Settlement Agreement |
| Deadline for Certification of Completion | Within forty five (45) after the Effective Date as defined in the Settlement Agreement |
| Special Payment to Named Plaintiff | Within forty five (45) after the Effective Date as defined in the Settlement Agreement |
| Deadline for Paying Class Counsel's Fees/Costs | Within forty five (45) after the Effective Date as defined in the Settlement Agreement  or after further Court proceedings as noted in Para. 7 above. |

For the reasons stated above, this Court RECOMMENDS that the District Court GRANT preliminary approval of the proposed Settlement and the Notice, Claim Form, and Exclusion Form attached thereto.

These Findings And Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. Section 636(b) (1). Within twenty days after being served with these Findings And Recommendations, any party may file written objections with court and serve a copy on all parties. Such document should be captioned "Objections To Magistrate Judge's Findings And Recommendations". The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d **1153 (9th Cir. 1991).**

**IT IS SO ORDERED**.

Dated:_May 30 2006

Lawrence J. O'Neill
UNITED STATES MAGISTRATE
JUDGE

1  R. BRIAN DIXON, Bar No. 076247
   KEVIN F. CHUNG, Bar No. 191301
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA 94108.2693
   Telephone:  415.433.1940
5
   Attorneys for Defendants
6  PETROL TRANSPORT, INC. AND
   BLM TRANSPORTATION COMPANY, INC.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  ANGIE DAVIS BALL, individually and      Case No. CV-F-04-5370-AWI-LJO
    on behalf of all others similarly situated,
12                                          **AMENDED STIPULATION REGARDING**
                Plaintiff,                  **SETTLEMENT; EXHIBITS 1-4**
13
14          v.

15  PETROL TRANSPORT, INC., BLM
    TRANSPORTATION COMPANY, INC.;
16  and DOES 1 through 100,

17              Defendants.

18

19          Plaintiff ANGIE DAVIS BALL, individually and on behalf of all others similarly

20  situated, who is the individual named Plaintiff, on behalf of herself and on behalf of all members of a

21  certain class hereinafter defined, and Defendants PETROL TRANSPORT, INC. and BLM

22  TRANSPORTATION COMPANY, INC. (together "Defendants"), collectively referred to as

23  "parties," hereby stipulate and agree on all of the terms of the settlement in this matter, and request a

24  hearing for preliminary approval of class action settlement. The parties have agreed as follows:

25                           **DEFINITIONS**

26          1.      As used herein, the following terms shall have the following meanings:

27          1.1.    "Claim Administrator" means Williams, Brown & Co. or any other third

28  party that is mutually acceptable to the Parties.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION REGARDING SETTLEMENT                    Case No. CV-F-04-5370-AWI-LJO

1.2.    "Class Action" means the civil action originally filed in the United States District Court in the Eastern District of California, Case No.CV-F-04-5370-AWI-LJO.

1.3.    "Class Counsel" means the Law Office of Jerry Budin.

1.4.    "Class Notice" means the notice of pendency of the class action and proposed settlement to be directed to the Settlement Class pursuant to the terms of the Preliminary Approval Order.  The Class Notice shall be substantially in the form of Exhibit "1" hereto.

1.5.    "Class Period" means the period commencing four years before the filing of the class action through the date of entry of the Preliminary Approval Order.

1.6.    "Court" means the United States District Court in the Eastern District of California (Fresno Division).

1.7.    "Cut-Off Date" means the date of entry of the Preliminary Approval Order.

1.8.    "Defendants" means Petrol Transport Corporation, Inc. and BLM Transportation Company, Inc.

1.9.    "Effective Date" means the last of: (i) the date of final affirmance of an appeal of the Order and Final Judgment, or the expiration of the time for a petition for a writ of certiorari to review the Order and Final Judgment and, if certiorari be granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Order and Final Judgment.

1.10.    "Eligible Class Member" means all persons who are members of the Settlement Class except for those persons who validly request exclusion from the settlement as provided in the Class Notice and Settlement Agreement.

1.11.    "Implementation Schedule" means the agreed upon dates for implementing the Settlement Agreement as set forth in the Preliminary Approval Order attached hereto as Exhibit 4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**STIPULATION REGARDING SETTLEMENT**

2.

Case No.  CV-F-04-5370-AWI-LJO

1        1.12.    "Named Plaintiff" means Angie Davis Ball, who has executed this

2   Stipulation in anticipation of becoming the only individual Named Plaintiff in the Complaint, the

3   filing of which is a part of this Stipulation.

4        1.13.    "Order and Final Judgment" means the final judgment and order of

5   dismissal with prejudice to be entered by the Court substantially in the form of Exhibit "5" hereto.

6        1.14.    "Parties" means Named Plaintiff and Defendants.

7        1.15.    "Preliminary Approval Order" means the order to be entered by the Court

8   substantially in the form of Exhibit "4" hereto, upon the Parties' joint motion, preliminarily

9   approving the Settlement Agreement and authorizing the Class Notice.

10       1.16.    "Released Parties" means (i) Defendants, (ii) successors or assigns of

11   Defendants, including but not limited to the Petrol Transport, Inc., and BLM Transportation

12   Company, Inc., and (iii) past or present officers, directors, shareholders, partners, agents, insurers,

13   employees, attorneys, advisors, accountants, representatives, plans, trusts, trustees, heirs, executors,

14   administrators, predecessors, successors or assigns of any of the foregoing.

15       1.17.    "Settlement Agreement" means this stipulation regarding settlement and all

16   exhibits attached hereto.

17       1.18.    "Settlement Award" means the gross payment that each Eligible Class

18   Member shall be entitled to receive under the terms of the Settlement Agreement.

19       1.19.    "Settled Claims" means any and all claims, demands, rights, liabilities,

20   penalties, damages, liquidated damages and causes of action of every nature and description

21   whatsoever, known or unknown, asserted or that might have been asserted whether in tort, contract,

22   or for violation of any local, state or federal constitution, statute, rule or regulation, including local,

23   state and federal wage and hour laws, arising out of, relating to, or in connection with any facts,

24   transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act,

25   which did or could have arisen from Defendants' alleged policy requiring its truck driver employees

26   to work in excess of forty (40) hours per week without paying overtime pay and the consequences of

27   such policy including claims that Named Plaintiff or other members of the Settlement Class were not

28   paid all earned overtime pay for any and all time periods, including those that are equitably tolled, as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATION REGARDING SETTLEMENT      3.      Case No. CV-F-04-5370-AWI-LJO

1    of and prior to the Cut Off Date in violation of the Fair Labor Standards Act ("FLSA") and the

2    California Business & Professions Code, and any and all remedies and penalties provided therein,

3    including but not limited to, Fair Labor Standards Act Sections 29 U.S.C. § 201 et seq. and Business

4    and Professions Code sections 17200, et seq., restitution, disgorgement, conversion and unjust

5    enrichment, attorneys' fees, costs, interest and all other penalties. This release is not intended to

6    affect any claim other than the Settled Claims that may exist between or among the Parties and does

7    not release any claim which may arise as to the enforcement of this Settlement Agreement.

8           1.20.     "Settlement Class" means those intrastate truck drivers employed by

9    Defendants who hauled bulk petroleum or other products solely within the State of California and

10    who worked in excess of forty (40) hours per week during the Class Period without being paid

11    overtime compensation.

12                              **RECITALS**

13           2.     The action was originally filed in the United States District Court in the

14    Eastern District of California (Fresno Division) on March 3, 2004. Defendants answered Plaintiff's

15    Complaint on September 17, 2004. The Parties were able to reach a settlement in principle and

16    reported this result to the Court at the most recent Case Management Conference.

17           3.     The Parties have conducted significant investigation of the facts and law

18    during the prosecution of this Class Action. Such discovery and investigations have included, inter

19    alia, the exchange of information pursuant to formal and informal discovery, numerous meetings and

20    conferences between representatives of the Parties, interviews of numerous potential witnesses, and

21    a review of employee files. Counsel for the Parties have further investigated the applicable law as

22    applied to the facts discovered regarding the alleged claims of Named Plaintiff.

23           4.     It is Plaintiff's position that Defendants have had a consistent policy of

24    requiring their truck drivers, including Named Plaintiff, to work in excess of forty (40) hours per

25    week hauling bulk petroleum products solely within the State of California without paying them

26    overtime compensation as required by Federal and State laws.

27           5.     Defendants deny that they have any liability to Named Plaintiff or other

28    similarly situated truck drivers. Defendants contend that Named Plaintiff and others are exempt

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

4.

**STIPULATION REGARDING SETTLEMENT**                    **Case No. CV-F-04-5370-AWI-LJO**

1 │ from the overtime provisions under FLSA pursuant to the motor carrier safety exemption, 29 U.S.C.

2 │ § 213(b)(1), and are not entitled to recovery under the California Business & Professions Code §

3 │ 17200 et seq.  It is Defendants' position that they solicited interstate transportation and had more

4 │ than de minimus amount of interstate transportation.  Defendants have proved that they have limited

5 │ financial resources and that an adverse judgment would jeopardize the employment of current

6 │ employees.

7 │       6.      Named Plaintiff recognizes the expense and length of continued

8 │ proceedings necessary to continue the litigation against Defendants through trial and through any

9 │ possible appeals.  Named Plaintiff has also taken into account the uncertainty and risk of the

10 │ outcome of further litigation, and the difficulties and delays inherent in such litigation.  Named

11 │ Plaintiff is also aware of the burdens of proof necessary to establish liability, Defendants' defenses

12 │ thereto, and the difficulties in establishing damages/restitution for the Settlement Class.  Named

13 │ Plaintiff has also taken into account the extensive settlement negotiations conducted in the Class

14 │ Action to date.  Based on the foregoing, Named Plaintiff has determined that the Settlement

15 │ Agreement is a fair, adequate and reasonable settlement, and that it is in the best interests of the

16 │ Settlement Class.

17 │       7.      Defendants concluded that any further defense of the Class Action would

18 │ be protracted and expensive.  Substantial amounts of time, energy and resources of Defendants have

19 │ been and, unless this settlement is made, will continue to be devoted to the defense of the claims

20 │ asserted in the Class Action.  Defendants have, therefore, agreed to settle in the manner and upon the

21 │ terms set forth in this Settlement Agreement in order to put to rest the claims as set forth in the Class

22 │ Action.

23 │       8.      Defendants and the Released Parties have denied and continue to deny each

24 │ of the claims and contentions alleged in the Class Action.  Defendants have repeatedly asserted and

25 │ continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing

26 │ or legal liability arising out of any of the facts or conduct alleged in the Class Action.  Defendants

27 │ also have denied and continue to deny, inter alia, the allegations that Named Plaintiff and the

28 │ Settlement Class have suffered damage, that Defendants did not pay Named Plaintiff and the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433.1940

STIPULATION REGARDING SETTLEMENT

5.

Case No.  CV-F-04-5370-AWI-LJO

1   Settlement Class any amounts they were entitled to for all earned overtime pay pursuant to its

2   overtime policy or that Named Plaintiff and the Settlement Class were harmed by the conduct

3   alleged in the Class Action. Whether or not the Settlement Agreement is finally approved, neither

4   the Settlement Agreement, nor any document, statement, proceeding or conduct related to this

5   Settlement Agreement, nor any reports or accounts thereof, shall in any event be: (i) construed as,

6   offered or admitted in evidence as, received as, or deemed to be, evidence for any purpose,

7   including, but not limited to, evidence of a presumption, concession, indication or admission by any

8   of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii)

9   disclosed or referred to for any purpose, or offered or received in evidence, in any further proceeding

10  in the Class Action, or any other civil, criminal or administrative action or proceeding against

11  Defendants or any of the Released Parties except for purposes of settling this Class Action pursuant

12  to this Settlement Agreement. The limitations set forth in this paragraph do not apply to the use

13  and/or disclosure by Defendants against members of the Settlement Class to enforce this Settlement

14  Agreement.

15          **NOW, THEREFORE, IT IS HEREBY STIPULATED**, by and among Named

16  Plaintiff, on behalf of herself and the Settlement Class, and Defendants, and subject to the approval

17  of the Court, that the Class Action is hereby being compromised and settled pursuant to the terms

18  and conditions outlined in this Settlement Agreement, and that upon the Effective Date the Class

19  Action shall be dismissed with prejudice subject to the recitals set forth herein above, which by this

20  reference become an integral part of this Settlement Agreement, and subject to the following terms

21  and conditions:

22                          **BASIC SETTLEMENT TERMS**

23          9.      It is hereby agreed, by and between Named Plaintiff and Defendants,

24  through their respective counsel of record, and subject to the approval of the Court, in consideration

25  of the benefits inuring to the Parties hereto, and without admission of any liability or wrongdoing

26  whatsoever by Defendants, that upon entry of the Order and Final Judgment, each Eligible Class

27  Member shall be deemed to have jointly and severally released and forever discharged the Released

28  Parties from any and all Settled Claims, whether such Settled Claims are known or unknown.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STIPULATION REGARDING SETTLEMENT

6.

Case No. CV-F-04-5370-AWI-LJO

10.     Subject to Court approval and the conditions specified herein, and in exchange for the release of all Settled Claims by the Eligible Class Members, Defendants shall make funds available for Settlement in the gross amount One Hundred Fifty Thousand Dollars ($150,000) and shall be payable within forty five (45) days of the Effective Date, less applicable state and federal withholding tax, applicable payroll deductions, other deductions required by state and local law, and social security withholdings.  The Parties agree that the amount that will be paid to each Eligible Class Member in this settlement is unknown at this time and cannot reasonably be calculated until all Eligible Class Members are identified and all claim forms are submitted and verified.  The payment of any Settlement Award is expressly contingent upon the timely submission of a valid claim form by an Eligible Class Member; no obligation to pay any member of the Settlement Class a Settlement Award is created under this Settlement Agreement.  The Parties agree that this Settlement Agreement does not create or establish a "common fund", and that all claims for payment shall be submitted directly to and paid by Defendants.  Defendants shall have no obligation to segregate the funds comprising the funds available for settlement, and Defendants shall retain exclusive authority over and responsibility for those funds, consistent with the terms of this Settlement Agreement.   All payments that Defendants are required to make pursuant to this Settlement Agreement shall be made from the funds available for settlement.  Other than to Named Plaintiff, Defendants shall have no obligation to pay any amounts to Eligible Class Members in excess of approved claims for Settlement Awards as calculated in accordance with this Settlement Agreement.  The Parties further agree that this Settlement Agreement shall not result in an unpaid residue within the meaning of California law, and that any contrary judicial determination shall void this Settlement Agreement.

11.     The aforementioned funds available for settlement shall, in the aggregate, be the maximum total amount Defendants shall be required to pay exclusive only of attorneys' fees, the special payment to the Named Plaintiff described in para. 12.3 below and the employer's share of state and federal payroll taxes described in para. 12.2 below.

12.     On the date specified by the Implementation Schedule, and solely for purposes of effectuating this Settlement Agreement, Defendants shall pay from the funds available

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

7.

STIPULATION REGARDING SETTLEMENT                    Case No.  CV-F-04-5370-AWI-LJO

for settlement, Settlement Awards to Eligible Class Members calculated in accordance with the following eligibility and settlement formula requirements.

12.1.     Eligible Class Members who timely submit a valid claim from will share One Hundred and Fifty Thousand Dollars ($150,000), less applicable state and federal withholding tax, applicable payroll deductions, other deductions required by state and local law, and social security withholdings.  The settlement will be distributed by dividing One Hundred and Fifty Thousand Dollars ($150,000) by the total number of workweeks worked in the Class Period by Eligible Class Members who timely submit claim forms.  The result will be multiplied by the number of workweeks worked in the Class Period by each Eligible Class Member who timely submitted a claim form to determine the gross amount of each such settlement payment.

12.2.     Employee Taxes and Deductions. All Settlement Awards to Eligible Class Members will be paid in a net amount after applicable state and federal withholding tax, applicable payroll deductions, other deductions required by state and local law, and social security withholdings, and payable within forty five (45) days of the Effective Date.  All Settlement Awards paid to Eligible Class Members shall be reported by forms W-2 for tax purposes.

12.3.     Named Plaintiff. Defendants shall pay the Named Plaintiff, in addition to the Settlement Awards described above, a special payment of Ten Thousand Dollars ($10,000).  This special payment shall be paid, contingent upon Named Plaintiff's fulfilling all of her obligations under this Settlement Agreement, in order to compensate Named Plaintiff for the efforts that she undertook on behalf of the Settlement Class and which have benefited the Settlement Class.  The special payment shall not be subject to withholdings and shall be reported by form 1099 for tax purposes.

12.4.     Class Counsel.  Subject to Court approval and the conditions specified herein, and in exchange for the release of all Settled Claims by the Eligible Class Members, Defendants shall pay the sum of Forty Five Thousand Dollars ($45,000) to Class Counsel, as attorneys' fees and costs for prosecution of the Class Action, payable within forty five (45) days of the Effective Date, provided that Class Counsel has provided Defendants' counsel with proof that the Equitable Lien filed by the law firm of Green and Azevedo has been released or otherwise

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

8.

STIPULATION REGARDING SETTLEMENT                    Case No.  CV-F-04-5370-AWI-LJO

1  satisfied. Class Counsel shall not seek and Defendants shall not pay any additional amounts as fees,

2  costs or other compensation to Class Counsel. Defendants' payment of Class Counsel's attorneys'

3  fees pursuant to this Settlement Agreement shall constitute full satisfaction of Defendants' and/or

4  any of the Released Parties' obligation to pay any amount to any person, attorney or law firm of

5  attorneys' fees, expenses or costs in the Class Action incurred on behalf of Named Plaintiff or the

6  Settlement Class, and shall relieve Released Parties from any other claims or liability to any other

7  attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim

8  to be entitled on behalf of Named Plaintiff and/or the Settlement Class.

9          13.       Defendants shall have the exclusive responsibility, subject to verification by

10  Class Counsel, for determining eligibility for and the gross and net amounts of any Settlement

11  Award to individual Eligible Class Members.

12          14.       Defendants and their attorneys agree not to oppose any application for

13  attorneys' fees or costs by Class Counsel so long as any such application is consistent with the

14  provisions of this Settlement Agreement. Any attorneys' fees payable under this Settlement

15  Agreement shall be paid to Class Counsel within the later of forty five (45) days following (i) the

16  Effective Date or (ii) any separate appeal of Class Counsel's fee award becomes final and no longer

17  subject to appeal.

18          15.       Any attorneys' fees, costs or expenses awarded by the Court to Class

19  Counsel shall be paid by Defendants by an instrument made payable to the Law Office of Jerry

20  Budin within forty five (45) days following (i) the Effective Date or (ii) any separate appeal of Class

21  Counsel's fee award becomes final and no longer subject to appeal, provided that Class Counsel has

22  provided Defendants' counsel with proof that the Equitable Lien filed by the law firm of Green and

23  Azevedo has been released or otherwise satisfied, and mailed to Law Office of Jerry Budin,

24  Attention: Jerry Budin. The Law Office of Jerry Budin shall provide a duly executed IRS Form W-9

25  as a condition of receipt of payment from Defendants. The payment of attorneys' fees and costs

26  shall be reported by form 1099 for tax purposes.

27          16.       The procedure for and the allowance or disallowance by the Court of any

28  application for attorneys' fees, costs, expenses, or reimbursement to Class Counsel are not part of the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

9.

**STIPULATION REGARDING SETTLEMENT**          Case No. CV-F-04-5370-AWI-LJO

1    settlement of the Settled Claims as set forth in this Settlement Agreement, and are to be considered

2    by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy

3    of the settlement of the Settled Claims as set forth in this Settlement Agreement, and any such

4    separate order, finding, ruling, holding or proceeding related to any such applications, or any

5    separate appeal from any separate order, finding, ruling, holding or proceeding relating thereto or

6    reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement,

7    or constitute an event justifying a right to set aside this Settlement Agreement or otherwise affect or

8    delay the finality of the Order and Final Judgment or the Settlement of the Class Action as set forth

9    herein.

10    17.    In no event shall there be any distribution from the funds available for

11    settlement to any Eligible Class Member, Named Plaintiff or Class Counsel until after the Effective

12    Date.

13    18.    Neither the Named Plaintiff, the Settlement Class nor Class Counsel shall

14    have any responsibility or liability with respect to any administrative costs incurred in connection

15    with the administration of, and the distribution of the settlement funds.    All charges for

16    administration shall be paid by the Defendants.

17    19.    No person shall have any claim against Defendants or any of the Release

18    Parties, Named Plaintiff, the Settlement Class, or Class Counsel based on distributions or payments

19    made in accordance with this Settlement Agreement.

20    20.    If this Settlement Agreement is not approved, or is terminated, rescinded,

21    canceled, or fails to become effective for any reason, and the Effective Date does not occur, then no

22    funds shall be made available for settlement, no special payment to Named Plaintiff shall be made,

23    and no attorneys' fees shall be paid.

24    21.    As part of this Settlement Agreement, Defendants shall not be required to

25    enter into any consent decree, nor shall Defendants be required to agree to any provision for

26    injunctive or prospective relief.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

10.

**STIPULATION REGARDING SETTLEMENT**          **Case No. CV-F-04-5370-AWI-LJO**

**CLASS NOTICE AND SETTLEMENT FAIRNESS HEARING**

22.      As part of this Settlement Agreement, the Parties agree to the following procedures for obtaining the Court's preliminary approval of the Settlement Agreement, certifying the Settlement Class, notifying the Settlement Class, obtaining final Court approval of the Settlement Agreement and processing the Settlement Awards:

22.1.      Named Plaintiff shall request a hearing date before the Court for preliminary approval of the Settlement Agreement and for an order certifying the Settlement Class for settlement purposes only.  In conjunction with this request, the Parties will submit this Settlement Agreement and supporting papers, which shall set forth the terms of this Settlement Agreement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement Agreement.

22.2.      Solely for purposes of this Settlement Agreement, Named Plaintiff will request the Court to enter the Preliminary Approval Order substantially in the form of Exhibit "4" hereto, preliminarily approving the proposed settlement, certifying the Settlement Class for settlement purposes only, and setting a date for the Settlement Fairness Hearing.  The Preliminary Approval Order shall provide for notice of the Settlement Agreement and related matters to be sent to the Settlement Class as specified herein.

22.3.      Notice of the settlement shall be provided to the Eligible Class Members, and members of the Settlement Class shall submit objections to the settlement and/or requests for exclusion from the Settlement Class, using the following procedures:

22.3.1.  No later than the date specified in the Implementation Schedule, the Defendants shall send a copy of the Class Notice in the form attached hereto as Exhibit "1" (including a claim form in the form attached hereto as Exhibit "2" and the Exclusion Form attached hereto as Exhibit "3"), to all members of the Settlement Class via First Class regular U.S. mail, postage prepaid using the most current mailing address information available to Defendants as of the date of mailing.  Any Class Notices returned as undeliverable within thirty (30) days of the original mailing date shall be sent to the forwarding address affixed thereto.  If no forwarding address is affixed thereto, the Claims Administrator shall be deemed to have satisfied its obligation to provide

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STIPULATION REGARDING SETTLEMENT

11.

Case No.  CV-F-04-5370-AWI-LJO

1  the Class Notice to members of the Settlement Class. In the event the procedures in this paragraph

2  are followed and the intended recipient of the Class Notice does not receive the Class Notice, the

3  intended recipient shall nevertheless remain a member of the Settlement Class and will be bound by

4  all terms of the Settlement Agreement and the Order and Final Judgment.

5        22.4.    The Class Notice shall provide that those members of the Settlement Class

6  who wish to object to the settlement must file with the Court and serve on counsel for the Parties a

7  written statement objecting to the settlement. Such written statement must be filed with the Court

8  and served on counsel for the Parties no later than the date specified in the Notice of Pendency of

9  Class Action, Proposed Settlement and Hearing. No member of the Settlement Class shall be

10  entitled to be heard at the Settlement Fairness Hearing (whether individually or through separate

11  counsel) or to object to the Settlement Agreement, and no written objections or briefs submitted by

12  any member of the Settlement Class shall be received or considered by the Court at the Settlement

13  Fairness Hearing, unless written notice of the class member's intention to appear at the Settlement

14  Fairness Hearing, and copies of any written objections or briefs, shall have been filed with the Court

15  and served on counsel for the Parties on or before the date specified in the Notice of Pendency of

16  Class Action, Proposed Settlement and Hearing. Members of the Settlement Class who fail to file

17  and serve timely written objections in the manner specified above shall be deemed to have waived

18  any objections and shall be foreclosed from making any objection (whether by appeal or otherwise)

19  to the Settlement Agreement.

20        22.5.    The Class Notice shall provide that members of the Settlement Class who

21  wish to exclude themselves from the settlement must submit a written statement requesting

22  exclusion from the class on or before the date specified in the Implementation Schedule. Such

23  written request for exclusion must contain the name, address, and telephone number of the person

24  requesting exclusion, must be returned by mail to the Claims Administrator and must be postmarked

25  on or before the date specified in the Notice of Pendency of Class Action, Proposed Settlement and

26  Hearing. The date of the postmark on the return mailing envelope shall be the exclusive means used

27  to determine whether a request for exclusion has been timely submitted. Any member of the

28  Settlement Class who requests exclusion ("opt outs") from the settlement will not be entitled to any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

12.

STIPULATION REGARDING SETTLEMENT           Case No. CV-F-04-5370-AWI-LJO

1   recovery from the funds available for settlement and will not be bound by the Settlement Agreement

2   or have any right to object, appeal or comment thereon. Members of the Settlement Class who fail

3   to submit a valid and timely request for exclusion on or before the date specified in the Notice of

4   Pendency of Class Action, Proposed Settlement and Hearing shall be bound by all terms of the

5   Settlement Agreement and the Order and Final Judgment, regardless of whether they have requested

6   exclusion from the settlement. The Claims Administrator shall provide Class Counsel with copies of

7   all claim forms and requests for exclusion as received from members of the Settlement Class.

8          22.6.    At no time shall any of the Parties or their counsel seek to solicit or

9   otherwise encourage members of the Settlement Class to submit written objections to the settlement

10  or requests for exclusion from the settlement, or appeal from the Order and Final Judgment.

11         22.7.    Upon expiration of the deadline for requesting exclusion from the

12  settlement as set forth in the Implementation Schedule, a Settlement Fairness Hearing shall be

13  conducted to determine final approval of the settlement along with the amount properly payable for

14  (i) attorneys' fees, and (ii) Named Plaintiff's special payment. Upon final approval of the settlement

15  by the Court at or after the Settlement Fairness Hearing, the Parties shall present the Order and Final

16  Judgment to the Court for its approval and entry in the form attached hereto as Exhibit "5".

17         22.8.    All members of the Settlement Class who have submitted a valid and timely

18  claim form, will be eligible to receive a Settlement Award from Defendants, less applicable state and

19  federal withholding tax, applicable payroll deductions, other deductions required by state and local

20  law, and social security withholdings. The claim form shall include instructions on how to submit

21  the form and shall notify the Eligible Class Members that the claim form must be completed in full,

22  signed and returned by mail no later than the date specified in the Implementation Schedule. The

23  date of the postmark on the return envelope shall be the exclusive means used to determine whether

24  members of the Settlement Class have timely returned his/her claim form on or before the applicable

25  deadline. Claim forms post-marked after the applicable deadline shall be disregarded., except that

26  Class Counsel and Defendant's Counsel may agree to accept any late-filed Claim for good cause

27  shown. Although Eligible Class Members who do not submit a valid and timely claim form will not

28  receive a Settlement Award, such persons shall nonetheless be bound by all of the terms of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

13.

STIPULATION REGARDING SETTLEMENT

Case No. CV-F-04-5370-AWI-LJO

1    Settlement Agreement and the Order and Final Judgment.  Settlement Awards shall be paid pursuant
2    to the settlement formula set forth herein no later than the date specified in the Implementation
3    Schedule.  Defendants shall determine the eligibility for, and the amounts of, any Settlement Awards
4    under the terms of this Settlement Agreement, which shall be conclusive, final and binding on all
5    Parties, including all members of the Settlement Class, subject to review by Class Counsel and
6    approval by the Court.  Administration of the settlement shall be completed on or before the date
7    specified in the Implementation Schedule.  Upon completion of administration of the settlement, the
8    Claims Administrator shall provide written certification of such completion to the Court and Class
9    Counsel.  Settlement Award checks shall remain valid and negotiable for 120 days from the date of
10   their issuance and thereafter may be automatically canceled if not cashed by an Eligible Class
11   Member within that time, at which time the Eligible Class Member's claim will be deemed void and
12   of no further force and effect.

13          22.9.      All of Defendants' attorneys' fees and costs incurred in the Class Action
14   and any attorneys' fees and costs incurred by Defendants in connection with the administration of
15   this settlement shall be paid by Defendants from Defendants' separate funds and not from the funds
16   available for settlement.  The Parties agree to cooperate in the settlement administration process and
17   to make all reasonable efforts to control and minimize the costs and expenses incurred in the
18   administration of the settlement.

19          22.10.     In the event (i) the Court does not enter the Preliminary Order specified
20   herein; (ii) the Court does not finally approve the settlement as provided herein; (iii) the Court does
21   not enter the Order and Final Judgment as provided herein; or (iv) the settlement does not become
22   final for any other reason, this Settlement Agreement shall be null and void and any order or
23   judgment entered by the Court in furtherance of this settlement shall be treated as nunc pro tunc.  In
24   such a case, any funds to be awarded under this Settlement Agreement shall be returned to their
25   respective statuses as of the date and time immediately prior to the execution of this Settlement
26   Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been
27   executed.  In the event an appeal is filed from the Court's Order and Final Judgment, or any other

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

STIPULATION REGARDING SETTLEMENT

14.

Case No.  CV-F-04-5370-AWI-LJO

1    appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed
2    pending final resolution of the appeal or other appellate review.

3            22.11.    Defendants shall keep Class Counsel apprized of all distributions from the
4    funds available for settlement and upon completion of its administration of the settlement,
5    Defendants shall provide written certification of such completion to the Court and Class Counsel.

6            23.     Named Plaintiff and Class Counsel agree that none of the documents
7    provided to them by Defendants shall be used for any purpose other than prosecution of this Class
8    Action.

9            24.     Neither the terms of this Settlement Agreement nor the Settlement Award
10   paid to Named Plaintiff or any Eligible Class Members shall have any effect on the eligibility or
11   calculation of employee benefits of the Named Plaintiff or Eligible Class Members. The Parties
12   agree that any Settlement Awards paid to Eligible Class Members under the terms of this Settlement
13   Agreement do not represent any modification of any Eligible Class Member's previously credited
14   hours of service or other eligibility criteria under any employee pension benefit plan, employee
15   welfare benefit plan or other program or policy sponsored by Defendants. Further, the Settlement
16   Awards shall not be considered "compensation" or "annual earnings for benefits" in any year for
17   purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan,
18   employee welfare benefit plan or other program or policy sponsored by any of the Released Parties.

19           25.     From and after the execution of this Settlement Agreement, Named Plaintiff
20   and Class Counsel may not disclose the specific terms of this Settlement Agreement except that they
21   may, if required by law or as required under the terms of this Settlement Agreement, comment
22   regarding the specific terms of this Settlement Agreement. In all other cases, whether oral, written
23   or electronic (including the world wide web), Named Plaintiff and Class Counsel agree to limit their
24   statements regarding the terms of this Settlement Agreement to say that the Class Action has been
25   settled and that Named Plaintiff and Class Counsel are satisfied with the settlement terms. Neither
26   Named Plaintiff nor Class Counsel shall hold any press conference disclosing the terms of the
27   Settlement Agreement. This provision only applies to the terms of the Settlement Agreement and
28   does not preclude Named Plaintiff or Class Counsel from referring others to the Court file.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STIPULATION REGARDING SETTLEMENT

15.

Case No. CV-F-04-5370-AWI-LJO

1          26.     The terms of this Settlement Agreement include the terms set forth in all of

2 the attached Exhibits "1" through "5", which are incorporated by this reference as though fully set

3 forth herein. The Exhibits to this Settlement Agreement are an integral part of the Settlement

4 Agreement. Except as set forth in the Exhibits to this Settlement Agreement, in the event of any

5 conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement

6 shall control.

7          27.     The Parties agree to hold all proceedings in the Class Action, except such

8 proceedings as may be necessary to implement and complete the Settlement Agreement, in abeyance

9 pending the Settlement Fairness Hearing to be conducted by the Court.

10         28.     This Settlement Agreement may be amended or modified only by a written

11 instrument signed by counsel for all Parties or their successors-in-interest.

12         29.     This Settlement Agreement and any attached Exhibits constitute the entire

13 agreement among these Parties, and no oral or written representations, warranties or inducements

14 have been made to any Party concerning this Settlement Agreement or its Exhibits other than the

15 representations, warranties and covenants contained and memorialized in such documents.

16         30.     Counsel for all Parties warrant and represent that they are expressly

17 authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all

18 appropriate action required or permitted to be taken by such Parties pursuant to this Settlement

19 Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate

20 the terms of this Settlement Agreement. The Parties and their respective counsel will cooperate with

21 each other and use their best efforts to effect the implementation of the Settlement Agreement. In

22 the event the Parties are unable to reach agreement on the form or content of any document needed

23 to implement the Settlement Agreement, or on any supplemental provisions that may become

24 necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance

25 of the Court to resolve such disagreement. The persons signing this Settlement Agreement on behalf

26 of Defendants represent and warrant that they are authorized to sign this Settlement Agreement on

27 behalf of Defendants.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STIPULATION REGARDING SETTLEMENT        16.        Case No. CV-F-04-5370-AWI-LJO

1          31.     This Settlement Agreement shall be binding upon, and inure to the benefit

2 of, the successors or assigns of the Parties hereto, as previously defined.

3          32.     All terms of this Settlement Agreement and the Exhibits hereto shall be

4 governed by and interpreted according to the laws of the State of California.

5          33.     This Settlement Agreement may be executed in one or more counterparts

6 and by facsimile. All executed counterparts and each of them shall be deemed to be one and the

7 same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange

8 among themselves signed counterparts.

9          34.     The Parties believe this Settlement Agreement is a fair, adequate and

10 reasonable settlement of this Class Action and have arrived at this Settlement Agreement in arms-

11 length negotiations, taking into account all relevant factors, present and potential.

12          35.     The Court shall retain jurisdiction with respect to the interpretation,

13 implementation and enforcement of the terms of this Settlement Agreement and all orders and

14 judgments entered in connection therewith, and the Parties and their counsel hereto submit to the

15 jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement

16 embodied in this Agreement and all orders and judgments entered in connection therewith.

17          36.     Each of the Parties has cooperated in the drafting and preparation of this

18 Settlement Agreement. Hence, in any construction made to this Settlement Agreement, the same

19 shall not be construed against any of the Parties.

20          37.     Before declaring any provision of this Settlement Agreement invalid, the

21 Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with

22 applicable precedents so as to render all provisions of this Settlement Agreement valid and

23 enforceable.

24          38.     Named Plaintiff agrees to sign this Settlement Agreement and by signing

25 this Settlement Agreement is bound by the terms herein stated and further agrees not to request to be

26 excluded from the Settlement Class and agrees not to object to any of the terms of this Settlement

27 Agreement. Non-compliance by Named Plaintiff with this paragraph shall be void and of no force

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

17.

**STIPULATION REGARDING SETTLEMENT**                         **Case No.  CV-F-04-5370-AWI-LJO**

or effect. Any such request for exclusion or objection shall therefore be void and of no force or effect.

39. The Parties agree that the Implementation Schedule shall govern implementation of the Settlement Agreement, and that the dates set forth in the Implementation Schedule shall only be continued based on (i) the mutual consent of the Parties, or (ii) unavoidable delays due to the Court's schedule, and, then, only to the extent of those delays.

Dated: May 24, 2006

/s/ R. Brian Dixon
R. BRIAN DIXON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
PETROL TRANSPORT, INC. AND
BLM TRANSPORTATION COMPANY, INC.

Dated: May 24, 2006

/s/ Jerry Budin
JERRY BUDIN
LAW OFFICE OF JERRY BUDIN
Attorney for Plaintiff
ANGIE DAVIS BALL, individually and on
behalf of all others similarly situated.

Dated: May 24, 2006

/s/ Angie Davis Ball (original signature retained
by attorney)
ANGIE DAVIS BALL
Plaintiff

Dated: May 24, 2006

PETROL TRANSPORT, INC. AND BLM
BLM TRANSPORTATION COMPANY, INC.

By: /s/ Ted Bernard (original signature retained by
by attorney
TED BERNARD

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

18.

STIPULATION REGARDING SETTLEMENT                    Case No. CV-F-04-5370-AWI-LJO

EXHIBIT 1

1   R. BRIAN DIXON, Bar No. 076247
    KEVIN F. CHUNG, Bar No. 191301
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street
    20th Floor
4   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
5
    Attorneys for Defendants
6   PETROL TRANSPORT, INC. AND BLM
    TRANSPORTATION COMPANY, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10
                                        Case No.  Case No.  CV-F-04-5370-AWI-LJO
11  ANGIE DAVIS BALL, individually and
    on behalf of all others similarly situated,    **[PROPOSED] AMENDED NOTICE OF**
12                                                  **PENDENCY OF CLASS ACTION,**
                                                    **PROPOSED SETTLEMENT AND**
13                  Plaintiff,                      **HEARING**

14          v.

15  PETROL TRANSPORT, INC. AND BLM
    TRANSPORTATION COMPANY, INC.,
16  and DOES 1 through 100,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940
[PROPOSED] NOTICE OF PENDENCY

1

## IMPORTANT LEGAL NOTICE
## PLEASE READ THIS NOTICE CAREFULLY

2

3   **Your rights may be affected by a lawsuit that is pending in the United States District Court Eastern District of California (Fresno Division).  NOTE:  In order to either participate in or be excluded from the lawsuit you must take affirmative action.  You must file a proof of claim form to participate in future proceedings or an exclusion form to opt out of further proceedings.**

4

5   1.      YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action ("Action") filed in the United States District Court Eastern District of California (Fresno Division) has been reached by the Parties and has been granted preliminary approval by the Court supervising the Action.  The purpose of this Notice is to describe the Action, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement.  The proposed Settlement will resolve all claims in the above-captioned state court case.  A Settlement Hearing will be held on September 14, 2006 to determine whether the Action should be granted final approval.  **Because your rights may be affected, it is extremely important that you read this Notice carefully.  You must file a claim which is postmarked by August 28, 2006, if mailed, or which is received by August 28, 2006, if delivered by means other than mail, to participate in the Settlement.  If you fail to file a timely claim, you will receive nothing under the Settlement and your claim will be barred.**

6

7

8

9

10

## WHY SHOULD I READ THIS NOTICE?

11

12   2.      If you received this Notice, it is because it is believed that you are or were employed as an intrastate truck driver by Petrol Transport, Inc. or BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of California and worked more than forty (40) hours per week without being paid overtime compensation.  If that is correct, then the information contained in this Notice affects your legal rights.  You should read this Notice because you may be entitled to money under this Settlement.

13

14

## WHAT IS A CLASS ACTION?

15

16   3.      A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding.  One or more representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.  This avoids the necessity for a large number of individual lawsuits and enables the court to resolve similar claims efficiently.  In a class action, the court supervises the prosecution of class claims by class counsel to insure fairness.

17

18

## PURPOSE OF THIS NOTICE

19

20   4.      The United States District Court Eastern District of California has ordered that this Notice be sent to you because you may be a Class Member.  The purpose of this Notice is to inform you of the proposed Settlement of this class action and your potential rights in regard to it.

21

## SUMMARY OF LITIGATION

22

23   5.      On March 3, 2004, a lawsuit was filed in the United States District Court in the Eastern District of California (Fresno Division) by Angie Davis Ball and on behalf of similarly situated current and former employees of Petrol Transport, Inc. and BLM Transportation Company, Inc.  Defendants answered Plaintiff's Complaint on September 17, 2004.  The lawsuit is styled Angie Davis Ball v. Petrol Transport, Inc. and BLM Transportation Company, Inc.  It is Plaintiff's position that Defendants have had a consistent policy of requiring their truck drivers, including Named Plaintiff, to work in excess of forty (40) hours per week hauling bulk petroleum products solely within the State of California without paying them overtime compensation as required by Federal and State laws.  As a result of these alleged failures to pay overtime compensation, Named Plaintiff contended that Named Plaintiff and other members of the Settlement Class have been unlawfully denied wages and otherwise harmed.  Defendants deny that they have any liability to Named Plaintiff or any other Class Member.  Defendants contend that Plaintiff and others similarly situated are exempt from the overtime provisions under FLSA pursuant to the motor carrier safety exemption, 29 U.S.C. § 213(b)(1), and are not entitled to recovery under the California Business & Professions Code § 17200 et seq.  It is

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940
[PROPOSED] NOTICE OF PENDENCY                    2.

1    Defendants' position that they solicited interstate transportation and had more than de minimus amount of interstate transportation.

2

3    6.    On XXXX, 200_, the United States District Court for the Eastern District of California conditionally certified a Settlement Class consisting of all persons who are or were employed as an intrastate truck driver by Petrol Transport, Inc. or BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of

4    California and worked more than forty (40) hours per week during the Class Period without being paid overtime compensation. The Class Period is defined as the period from March 3, 2000 to [date of preliminary approval].

5

6    7.    The Court has made no ruling on the merits of Class Members claims and has only determined that the Named Plaintiff satisfied the requirements to maintain the Action as a class action for settlement purposes under California law.

7    8.    On XXXX, 2006, the Court appointed the following attorney to represent the Settlement Class ("Class Counsel") in this Action:

8

9                                    **Jerry Budin, Esq.**
                                    **Law Office of Jerry Budin**
                                    **1500 J. Street, Second Floor**
10                                   **Modesto, CA 95354**
                                    **Tel: (209) 544-3030; Fax: (2029) 544-3144**

11

                                    **YOUR OPTIONS**

12

13   9.    If you are a Class Member -- that is, if you are or were employed as an intrastate truck driver for Petrol Transport, Inc. or BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of California and worked more than forty (40) hours per week during the Class Period but were not paid overtime

14   compensation– you have several options. Before deciding what action, if any, you wish to take with respect to the proposed Settlement, you should read this Notice carefully.

15

16   10.    If you want to participate in the Settlement, you must sign and date the attached Claim Form and either (1) mail the completed Claim Form by postage pre-paid U.S. first class mail postmarked by no later than August 28, 2006, to the Claims Administrator at the following address, or (2) if delivered by any other means other than postage pre-paid U.S.

17   first class mail, deliver the Claim Form so that the Settlement Administrator actually receives it no later than August 28, 2006, at the following address:

18

19                                   **Claims Administrator**
                                    **Rick Williams**
                                    **Williams Brown & Company**
20                                   **5558 California Avenue, Ste. 208**
                                    **Bakersfield, CA 93309**
21                                   **(661) 633-9122**

22

23   11.    If you need an extra copy of the Claim Form, contact the Claims Administrator or Class Counsel. If any information provided on the Claim Form is incorrect, please make corrections. (For example, if your address is incorrect, please indicate what you think the correct information is.) Also, please provide your telephone number and

24   any other indicated information referred to on your Claim Form if it is not provided. If you wish to have confirmation that your Claim Form has been received by the Claims Administrator, you may do so by sending it by certified U.S. Mail

25   with a return-receipt request.

26   12.    If you are a Class Member and you choose to participate in the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from

27   separately suing Petrol Transport, Inc. or BLM Transportation Company, Inc., its employees or any other related persons or entities for the matters being settled in this case (see paragraph 22 below). **ANY CLASS MEMBER WHO DOES**

28   **NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

[PROPOSED] NOTICE OF PENDENCY                    3.

1 **AMOUNT.**

2  13.     If you do nothing, you will not be entitled to a share of Settlement payment. **HOWEVER, YOU WILL BE**
**BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU**
3  **DID NOT RECEIVE ANY MONEY.** Therefore, you will not have the right to pursue your own claims against Petrol
Transport, Inc. or BLM Transportation Company, Inc. and/or other related entities or persons if you do nothing.
4

14.     You may opt out of the Settlement Class by mailing to the Claims Administrator at the address listed in
5  paragraph 10, on or before August 28, 2006. Such written request for exclusion must contain your name, address,
telephone number and Social Security number and the years of your employment by one of the Defendants. The form
6  must be returned by mail to the Claims Administrator at the address identified in Paragraph 10 above, and must be
postmarked on or before August 28, 2006. The date of the postmark on the return mailing envelope shall be the
7  exclusive means used to determine whether a request for exclusion has been timely submitted. If you chose to opt out,
you will not be entitled to any recovery from the funds available for settlement and you will not be bound by the
8  Settlement Agreement or have any right to object, appeal or comment thereon. If you submit the exclusion form after the
above specified date, you will be bound by all terms of the Settlement Agreement and the Order and Final Judgment,
9  regardless of whether you have requested exclusion from the settlement.

10  15.     You may object to the Settlement Agreement, personally or through an attorney, by mailing your objections **TO**
**EACH OF THE FOLLOWING**:

11
**CLERK OF COURT**
12  **United States District Court Eastern District of California (Fresno Division)**
**2500 Tulare Street**
13  **Fresno, CA 93721**
**Re: *Angie Davis Ball v. Petrol Transport, Inc. et al.***
14  **Case No. CV-F-04-5370-AWI-LJO**

15  **AND**

16  **JERRY BUDIN, ESQ.**
**Law Office of Jerry Budin**
17  **1500 J. Street, Second Floor**
**Modesto, CA 95354**
18  **Tel: (209) 544-3030; Fax: (2029) 544-3144**

19  **AND**

20  **R. BRIAN DIXON, ESQ.**
**Littler Mendelson**
21  **650 California Street, 20th Floor**
**San Francisco, CA 941084-2693**

22
16.     No Class Member, however, shall be heard or entitled to object, and no papers or briefs submitted by any such
23  person shall be received or considered by the Court, unless written notice of intention to appear at the Settlement Hearing
together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have
24  been postmarked no later than July 26, 2006, and mailed to each addressee in paragraph 15 above. All such objections
must be signed and should contain your address, social security number and the name of the case (ANGIE DAVIS
25  BALL v. PETROL TRANSPORT, INC. AND BLM TRANSPORTATION, INC.). If you submit an objection, you may
appear personally or through an attorney, at your own expense, at the Settlement Hearing to present your objection
26  directly to the Court. Your objection should clearly explain why you object to the Settlement and must state whether you
(or someone on your behalf) intend to appear at the Settlement Hearing. If you object to the Settlement, you will remain
27  a member of the Class and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the
same way and to the same extent as a Class Member who does not object. Any member of the Class who does not make
28  and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940
[PROPOSED] NOTICE OF PENDENCY                    4.

1  shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement. Any member of the Class who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.

2

## SUMMARY OF THE TERMS OF THE SETTLEMENT AGREEMENT

3

4  17.   Defendants and Plaintiff have agreed to an early resolution of these claims, without trial, in order to avoid the uncertainties, expense and time that would be required to litigate the claims of each potential class member. The Court has reviewed the proposed settlement and given it preliminary approval, subject to the comments and/or objections of

5  potential Class Members. The Court will hold a hearing on September 14, 2006 at 2:00 p.m. to determine whether to grant final approval of the settlement. The description below is a summary of the terms of the settlement. You may

6  obtain more information about the proposed settlement by contacting the attorneys noted above.

7  18.   According to the terms of the proposed settlement, and for purposes of settlement only, Defendants have agreed to stipulate to a settlement class composed of current and former intrastate truck drivers of Petrol Transport, Inc. and

8  BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of California and worked for more than forty (40) hours in a week during the Class Period without being paid overtime compensation.

9  The Class Period is defined as the period from March 3, 2000 to [date of preliminary approval order].

10  19.   Settlement Amount: Defendants and Plaintiff have agreed that, to resolve this action, Defendants will pay a maximum of One Hundred and Sixty Thousand Dollars ($160,000), less applicable state and federal withholding tax,

11  applicable payroll deductions, other deductions required by state and local law, and social security withholdings, for purposes of this settlement ("Settlement Fund"). The Settlement Fund will be used to pay the claims of members of the

12  settlement class who submit a Proof of Claim Form and who do not choose to exclude themselves from the Lawsuit. The Settlement Fund also provides a payment to the class representative for her activities as a Named Plaintiff. Individual

13  payments to Eligible Class Members shall be paid from the Settlement Fund based on a formula that will provide a fixed payment, less applicable state and federal withholding tax, applicable payroll deductions, other deductions required by

14  state and local law, and social security withholdings as follows.

15  20.   Class Members: The potential Eligible Class Members consist of persons who are or were employed by Petrol Transport, Inc. or BLM Transportation, Inc. as intrastate truck drivers during the Class Period who hauled bulk

16  petroleum or other products solely within the Sate of California and who worked more than forty (40) hours in a week without being paid overtime compensation. The Class Period is defined as the period from March 3, 2000 to [date of

17  preliminary approval order]. Eligible Class Members who timely submit a valid claim from will share One Hundred and Fifty Thousand Dollars ($150,000), less applicable state and federal withholding tax, applicable payroll deductions, other

18  deductions required by state and local law, and social security withholdings. The settlement will be distributed by dividing One Hundred and Fifty Thousand Dollars ($150,000) by the total number of workweeks worked in the Class

19  Period by Eligible Class Members who timely submit claim forms. The result will be multiplied by the number of workweeks worked in the Class Period by each Eligible Class Member who timely submitted a claim form to determine

20  the gross amount of each such settlement payment, less applicable state and federal withholding tax, applicable payroll deductions, other deductions required by state and local law, and social security withholdings. Defendants shall pay the

21  Named Plaintiff, in addition to the Settlement Awards described above, a special payment in the sum of Ten Thousand Dollars ($10,000.00). This special payment shall be paid in order to compensate Named Plaintiff for the efforts that she

22  undertook on behalf of the Settlement Class and which have benefited the Settlement Class. Subject to the foregoing, settlement payments to Eligible Class Members and the special payment to Named Plaintiff shall be made within forty

23  five (45) days after the Effective Date.

24  21.   Attorneys' Fees for Class Counsel: Subject to Court approval and the conditions specified herein, and in exchange for the release of all Settled Claims by the Eligible Class Members, Defendants shall pay the sum of Forty-Five

25  Thousand Dollars ($45,000.00) to Class Counsel, as attorneys' fees and costs for prosecution of the Class Action. This amount is paid as statutory attorneys' fees in addition to the Settlement Fund. Defendants' payment of Class Counsel's

26  attorneys' fees pursuant to this Settlement Agreement shall constitute full satisfaction of Defendants' and/or any of the Released Parties' obligation to pay any amount to any person, attorney or law firm of attorneys' fees, expenses or costs

27  in the Class Action incurred on behalf of Named Plaintiff or the Settlement Class, and shall relieve Released Parties from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

[PROPOSED] NOTICE OF PENDENCY                    5.

1    of them may claim to be entitled on behalf of Named Plaintiff and/or the Settlement Class. Subject to the foregoing,
     payment of attorneys' fees to Class Counsel shall be made within forty five (45) days of the Effective Date.

2

3    The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses,
     or reimbursement to Class Counsel are not part of the settlement of the Settled Claims as set forth in this Settlement
     Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness,
4    reasonableness and adequacy of the settlement of the Settled Claims as set forth in this Settlement Agreement, and any
     such separate order, finding, ruling, holding or proceeding related to any such applications, or any separate appeal from
5    any separate order, finding, ruling, holding or proceeding relating thereto or reversal or modification thereof, shall not
     operate to terminate or cancel this Settlement Agreement, or constitute an event justifying a right to set aside this
6    Settlement Agreement or otherwise affect or delay the finality of the Order and Final Judgment or the Settlement of the
     Class Action.

7

8    22.     Release: Any Class Member not excluding himself or herself from the Class Settlement will be deemed to have
     released any and all claims, demands, rights, liabilities, penalties, damages, liquidated damages and causes of action of
     every nature and description whatsoever, known or unknown, asserted or that might have been asserted whether in tort,
9    contract, or for violation of any local, state or federal constitution, statute, rule or regulation, including local, state and
     federal wage and hour laws, arising out of, relating to, or in connection with any facts, transactions, events, policies,
10   occurrences, acts, disclosures, statements, omissions or failures to act, which did or could have arisen from their
     payment of wages by Defendants, including claims that Named Plaintiff or other members of the Settlement Class were
11   not paid all earned overtime compensation, for any and all time periods, including those that are equitably tolled, as of
     and prior to the Cut Off Date in violation of the Fair Labor Standards Act and the California Business & Professions
12   Code, and any and all remedies and penalties provided therein, including but not limited to, Business and Professions
     Code sections 17200, et seq., restitution, disgorgement, conversion and unjust enrichment, attorneys' fees, costs, interest
13   and all other penalties. This release is not intended to affect any claim other than the Settled Claims that may exist
     between or among the Parties and does not release any claim which may arise as to the enforcement of this Settlement
14   Agreement.

15   23.     Conditions of The Settlement. This Settlement is conditioned upon the Court entering an order at or following
     the Settlement Hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement
16   Class.

17                            **NO RETALIATION OR UNDUE INFLUENCE**

18   24.     Applicable law prohibits Defendants from retaliating against employees who exercise their rights under wage
     and hour laws. Additionally, Defendants have agreed that they will not contact Class Members for the purpose of
19   attempting to influence them not to participate in this Settlement; will not take any adverse employment action, or
     otherwise target, retaliate or discriminate against any Class Member who elects or indicates an intention to participate in
20   this Settlement; and will not disclose the identities of Class Members who elect or decline to participate in this
     Settlement to any person (i.e., supervisory personnel) employed by Defendants. In the event you feel you have been
21   threatened or coerced not to participate in this Settlement, or are retaliated against for electing to participate in this
     Settlement, you should immediately contact Class Counsel listed in paragraph 8.

22

23                            **HEARING ON PROPOSED SETTLEMENT**

24   25.     **You are not required to attend the Hearing or file an objection, but you may do either or both.**

25   26.     The Settlement Hearing on the adequacy, reasonableness and fairness of the Settlement Agreement will be held
     on September 14, 2006, at 2:00 p.m. in Department 8 of the United States District Court Eastern District of California
     (Fresno Division) located at 2500 Tulare Street in Fresno, California. The Settlement Hearing may be continued without
26   further notice.

27   27.     You may object, personally or through an attorney, to the proposed Settlement by mailing your objection and
     following the procedures outlined in paragraphs 15 and 16 above.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940
   [PROPOSED] NOTICE OF PENDENCY        6.

28.     Any Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

## CHANGE OF ADDRESS

29.     If you move after receiving this Notice, if it was misaddressed or if for any reason you want your payment or future correspondence concerning this Action and the Settlement to be sent to a different address, you should supply your current preferred address to the Settlement Administrator at the address set forth in paragraph 10, and to Class Counsel.

## REMINDER AS TO PARTICIPATION REQUIREMENTS

30.     If you wish to participate in the Settlement of this class action, you should be sure to fill out, complete and return a copy of the Claim Form to the Claims Administrator so that it is postmarked on or before August 28, 2006, or delivered in a manner that will ensure its receipt by the Claims Administrator by no later than August 28, 2006.

## ADDITIONAL INFORMATION

34.     The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court Eastern District of California, located in Fresno, California, during regular business hours of each court day.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to counsel for the Settlement Class:

**Jerry Budin, Esq.**
**Law Office of Jerry Budin**
**1500 J. Street, Second Floor**
**Modesto, CA 95354**
**Tel: (209) 544-3030; Fax: (2029) 544-3144**

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, PETROL TRANSPORT, BLM TRANSPORTATION COMPANY OR THE ATTORNEYS OF PETROL TRANSPORT AND BLM TRANSPORTATION COMPANY WITH INQUIRIES.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

[PROPOSED] NOTICE OF PENDENCY                    7.

EXHIBIT 2

1    R. BRIAN DIXON, Bar No. 076247
     KEVIN F. CHUNG, Bar No. 191301
2    LITTLER MENDELSON
     A Professional Corporation
3    650 California Street
     20th Floor
4    San Francisco, CA 94108.2693
     Telephone:    415.433.1940
5
     Attorneys for Defendants
6    PETROL TRANSPORT, INC. AND BLM
     TRANSPORTATION COMPANY, INC.
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ANGIE DAVIS BALL, individually and        Case No. CV-F-04-5370-AWI-LJO
     on behalf of all others similarly situated,
12                                              [PROPOSED] AMENDED PROOF OF
                         Plaintiff,             CLAIM FORM
13
               v.
14
     PETROL TRANSPORT, INC. AND BLM
15   TRANSPORTATION COMPANY, INC.,
     and DOES 1 through 100,
16
                         Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON    [PROPOSED] PROOF OF CLAIM FORM
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

1

2 | ANGIE DAVIS BALL, individually and on behalf of all others similarly situated,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

3

Plaintiff,

Case No. CV-F-04-5370-AWI-LJO

4

v.

**CLAIM FORM**

5

6 | PETROL TRANSPORT, INC., BLM TRANSPORTATION COMPANY, INC., and DOES 1 through 100,

7

Defendants.

8

9

## CLAIM FORM

10

### PLEASE PRINT CLEARLY

11

I submit this Proof of Claim Form in order to participate in the settlement of this Lawsuit.

12

**I.     CLAIMANT INFORMATION**

13

Name: _____

14 | Street Address: _____
City, State, Zip Code: _____

15 | Business Telephone No. (____) _____
Home Telephone No. (____) _____

16 | Social Security Number: _____

17 | [THE INTERNAL REVENUE SERVICE REQUIRES THIS INFORMATION. YOUR CLAIM WILL BE REJECTED IF IT IS NOT PROVIDED.]

18 | **II.     SUBMISSION TO JURISDICTION OF THE COURT**

19 | I submit this Proof of Claim under the terms of the proposed settlement described in the Notice of Pendency of Class Action, Proposed Settlement and Hearing. I submit to the jurisdiction of the United States District Court Eastern District

20 | of California with respect to my claim as a member of the settlement class. I acknowledge that I am bound by and subject to the terms of any judgment that may be entered in this Lawsuit. I agree to supply additional information to

21 | support this Proof of Claim as reasonably necessary. I am or was employed by Petrol Transport, Inc. or BLM Transportation Company, Inc. as an intrastate truck driver who hauled bulk petroleum and other products solely within

22 | the State of California and worked in excess of forty (40) hours per week without being paid overtime compensation.

23 | **III.     ACCEPTANCE OF INDIVIDUAL SETTLEMENT AMOUNT**

24 | ☐  I hereby acknowledge that I understand the settlement terms as described in the Notice of Pendency of Class Action; Proposed Settlement and Hearing and agree to accept the settlement disbursement in exchange for the release of

25 | claims defined below in section IV.

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

[PROPOSED] PROOF OF CLAIM FORM          2

**IV.    ACKNOWLEDGMENT OF RELEASE OF CERTAIN CLAIMS**

I submit this Proof of Claim with the understanding and agreement that I am giving up the right to pursue certain legal claims (as described in the Notice of Pendency of Class Action, Proposed Settlement and Hearing) in exchange for the payment I will receive.

By completing this Proof of Claim form and accepting the benefits under this settlement, I, on behalf of myself, and each of my heirs, representatives, successors, assigns, and attorneys, hereby release and discharge Petrol Transport, Inc. and BLM Transportation Company, Inc. and each of their officers, directors, employees, shareholders, agents, representatives, successors, assigns, parents, subsidiaries, affiliated companies, and attorneys (collectively the "Release Parties"), from each of the Settled Claims.

For the purpose of this release, "Settled Claims" means any and all claims, demands, rights, liabilities, penalties, damages, liquidated damages and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted whether in tort, contract, or for violation of any local, state or federal constitution, statute, rule or regulation, including local, state and federal wage and hour laws, arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which did or could have arisen from Petrol Transport, Inc.'s or BLM Transportation Company, Inc.'s alleged policy requiring its truck driver employees to work in excess of forty (40) hours per week without paying overtime pay and the consequences of such policy including claims that Named Plaintiff or other members of the Settlement Class were not paid all earned overtime pay for any and all time periods, including those that are equitably tolled, as of and prior to the [date of preliminary approval order] in violation of the Fair Labor Standards Act and the California Business & Professions Code, and any and all remedies and penalties provided therein, including but not limited to, the Fair Labor Standards Act Sections 29 U.S.C. 201 et seq. and Business and Professions Code sections 17200, et seq., restitution, disgorgement, conversion and unjust enrichment, attorneys' fees, costs, interest and all other penalties. This release is not intended to affect any claim other than the Settled Claims that may exist between or among the Parties and does not release any claim which may arise as to the enforcement of this Settlement Agreement.

**I have submitted no other claim for unpaid overtime wages against Petrol Transport, Inc. and BLM Transportation Company, Inc. and I know of no other person who has submitted such a claim on my behalf.**

| Taxpayer Identification Number Certification - Substitute IRS Form W-9 |
| --- |

*Enter your Social Security Number:*  ☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

*Under penalties of perjury, I certify that:*

1.    *The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and*

2.    I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.    I am a U.S. person (including a U.S. resident alien).

*Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.*

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

[PROPOSED] PROOF OF CLAIM FORM                    3

1    **V.    DECLARATION UNDER PENALTY OF PERJURY**

2    I declare, under penalty of perjury under the laws of the State of California, that all of the information contained in this Proof of Claim form is true and correct, and that I signed this Proof of Claim form on _____

3    (date), at _____ (city and state).

4

                                                 _____

5                                                (Claimant's signature)

6

                                                 _____

7                                                (Type or print your name)

8    **SEND THIS PROOF OF CLAIM FORM TO:**

9                                 **Claims Administrator**
                                **Rick Williams**

10                         **Williams Brown & Company**
                    **5558 California Avenue, Ste. 208**

11                          **Bakersfield, CA  93309**
                             **(661) 633-9122**

12

13    **THIS PROOF OF CLAIM FORM SHOULD BE POSTMARKED BY AUGUST 28, 2006 TO ENSURE PROMPT PROCESSING.  CLAIMS NOT POSTMARKED ON OR BEFORE AUGUST 28, 2006 WILL BE REJECTED.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

[PROPOSED] PROOF OF CLAIM FORM           4

EXHIBIT 3

1   R. BRIAN DIXON, Bar No. 076247
    KEVIN F. CHUNG, Bar No. 191301
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street
    20th Floor
4   San Francisco, CA 94108.2693
    Telephone: 415.433.1940
5
    Attorneys for Defendants
6   PETROL TRANSPORT, INC. AND BLM
    TRANSPORTATION COMPANY, INC.
7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  ANGIE DAVIS BALL, individually and     Case No. CV-F-04-5370-AWI-LJO
    on behalf of all others similarly situated,
                                            [ PROPOSED] AMENDED REQUEST FOR
12          Plaintiff,                       EXCLUSION FROM CLASS FORM

13          v.

14  PETROL TRANSPORT, INC. AND BLM
    TRANSPORTATION COMPANY, INC.,
15  and DOES 1 through 100,

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED] REQUEST FOR EXCLUSION
FORM

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1                    *Angie Davis Ball v. Petrol Transport, Inc., et al.*

2                       **c/o Claims Administrator**
                         **Rick Williams**

3                     **Williams Brown & Company**
              **5558 California Avenue, Ste. 208**

4                      **Bakersfield, CA 93309**
                       **(661) 633-9122**

5

6                      **REQUEST FOR EXCLUSION**

7                        **PLEASE PRINT CLEARLY**

8         I am or was employed by Petrol Transport, Inc. or BLM Transportation Company, Inc. as a truck driver and worked in excess of forty (40) hours per week without being paid overtime compensation. I have received the Notice of Pendency of Class Action, Proposed Settlement and Hearing.

9

10         I wish to be **EXCLUDED** from the settlement class and do NOT wish to participate in the proposed settlement of the lawsuit. I understand that, by excluding myself from the lawsuit, I will not share in any settlement, and will not be bound by any rulings or verdict which may be made in the lawsuit.

11

12   DATED: _____, 2006         _____

13                                       (Signature)

14                                    _____

15                                    (Type or print your name)

16                                    _____

17                                    _____

18                                    (Address)

19                                    (Telephone number)

20   **SEND THIS REQUEST FOR EXCLUSION FORM TO:**

21                      **Claim Administrator**
                         **Rick Williams**

22                   **Williams Brown & Company**
            **5558 California Avenue, Ste. 208**

23                    **Bakersfield, CA 93309**
                     **(661) 633-9122**

24

25   **THIS REQUEST FOR EXCLUSION FORM SHOULD BE POSTMARKED BY AUGUST 28, 2006 TO ENSURE**

26   **PROMPT PROCESSING. CLAIMS NOT POSTMARKED ON OR BEFORE AUGUST 28, 2006 WILL BE REJECTED.**

27

28   [PROPOSED] REQUEST FOR EXCLUSION
    FORM

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940