1 | Jerry Budin, Esq.
State Bar #88539
2 | LAW OFFICE OF JERRY BUDIN
1500 J Street, Second Floor
3 | Modesto, California 95354
Telephone: (209) 544-3030
4 | Facsimile: (209) 544-3144

**FILED**

OCT 0 3 2006

5 | Attorney for Plaintiff,
ANGIE DAVIS BALL, et al.

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
6 |

DEPUTY CLERK

7 |

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 | (FRESNO DIVISION)

11 | ANGIE DAVIS BALL, et al.,   )    CASE NO. CV F-04-5370 AWI LJO
  )
12 |          Plaintiffs,   )    FINDINGS AND
  )    RECOMMENDATIONS ON FINAL
13 | vs.   )    APPROVAL OF AMENDED STIPULATION
  )    REGARDING SETTLEMENT AGREEMENT;
14 | PETROL TRANSPORT, INC., BLM   )    EXHIBIT A AND B
   TRANSPORTATION COMPANY, INC.,   )
15 | and DOES 1 through 100,   )
  )
16 |          Defendants.   )
  )
17 | _____)

18 |      Pursuant to the "Order Adopting Findings And Recommendations

19 | Of Preliminary Approval Of Stipulation Regarding Settlement

20 | Agreement" (Doc. 40) filed June 19, 2006, adopting in full the

21 | "Findings And Recommendations On Preliminary Approval Of

22 | Stipulation Regarding Settlement Agreement" (Doc. 37), and the

23 | subsequent Minute Orders (Doc. 41 and 45) continuing the hearing,

24 | a Final Approval Hearing was held as scheduled at 8:45 a.m. on

25 | October 3, 2006 in Department 8 of this Court. Plaintiff, Angie

26 | Davis Ball, individually and on behalf of all others similarly

27 | situated (collectively "plaintiffs"), appeared at the hearing by

28 | telephone through counsel for the class, Jerry Budin. Defendants

1  Petrol Transport Inc. and BLM Transportation Co., Inc., appeared at
2  the hearing by telephone through counsel Brian Dixon of Littler
3  Mendelson.   The case was called at the hearing and the Court
4  inquired whether anyone else in the courtroom was present to
5  participate in the hearing.  There was no response to this inquiry.
6  The Court then inquired of counsel whether they expected anyone to
7  appear at the hearing.  Both counsel responded in the negative.

8      Having considered the "Joint Notice Of Motion And Motion For
9  Final Approval Of Settlement And Accompanying Documents; Memorandum
10 Of Points And Authorities" (Doc. 43), Plaintiff's Memorandum Of
11 Points And Authorities and Class Counsel's Declaration In Support
12 Of Final Approval Of Settlement And Award of Enhancement And
13 Attorney's Fees And Costs," (Docs. 43-5 and 43-2), the Declaration
14 of Rick Williams (Doc. 43-3) and the papers previously filed
15 herein, the Court issues the following Findings:

16     1.   No class member or interested individual appeared
17 personally at the time and place for the Final Approval Hearing
18 (September 14, 2006, 2:00 p.m., Courtroom 8) which was contained in
19 the Notice Of Pendency Of Class Action, Proposed Settlement And
20 Hearing.

21     2.   The Court finds that notice to the class was
22 satisfied and timely mailed as previously ordered by the Court.

23     3.   The Court finds that the consideration for the
24 proposed settlement is fair, adequate, and reasonable.

25     4.   The Court finds that there were no objections to
26 the proposed settlement.

27     5.   The Court finds that the settlement was not
28 collusive, and that the parties have engaged in sufficient

1  discovery to understand the strengths and weaknesses of their own
2  and their opponent's cases.

3        6.     The Court finds that the lawyers representing all
4  parties were competent and experienced counsel, and that no party
5  has been subjected to any undue influence in reaching the
6  settlement.

7        7.     The Court finds that the attorney's fees and costs
8  requested by Class Counsel, Jerry Budin, in the total sum of
9  $45,000.00 are fair and reasonable, subject to the "Notice Of Lien"
10 filed herein by Green & Azevedo.

11       8.     The Court finds that the formula for disbursement
12 of the settlement proceeds to the Class and the procedure for
13 administration of that disbursement as set forth in the Amended
14 Stipulation Regarding Settlement are fair, adequate and reasonable
15 and the awards contained in Exhibit A hereto are approved and
16 according to Exhibit B attached hereto.

17       9.     The Court finds that a payment of $10,000.00 to
18 Class Representative Angie Davis Ball for her efforts and services
19 on the behalf of the Class in this litigation is fair and
20 reasonable.

21                          CONCLUSION

22       For the reasons stated above, this Court RECOMMENDS that the
23 District Court DETERMINE that the proposed settlement is fair and
24 reasonable, and GRANT final approval of the proposed settlement and
25 related documents consistent with these recommendations.

26       These findings and recommendations are submitted to the United
27 States District Judge assigned to the case, pursuant to the
28 provisions of Title 28 U.S.C. §636(b)(1). Within twenty days after

1  being served with these findings and recommendations, any party may

2  file written objections with the Court and serve a copy on all

3  parties.   Such a document should be captioned "Objections To

4  Magistrate Judge's Findings And Recommendations."   The parties are

5  advised that failure to file objections within the specified time

6  may waive the right to appeal the District Court's order.   <u>Martinez</u>

7  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8        IT IS SO ORDERED.

9  DATED:   _October 3, 2006_

10

11                              _____
                                LAWRENCE J. O'NEILL
12                              United State Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1  R. BRIAN DIXON, Bar No. 076247
   KEVIN F. CHUNG, Bar No. 191301
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA 94108.2693
   Telephone:   415.433.1940
5
   Attorneys for Defendants
6  PETROL TRANSPORT, INC. AND
   BLM TRANSPORTATION COMPANY, INC.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  ANGIE DAVIS BALL, individually and          Case No. CV-F-04-5370-AWI-LJO
    on behalf of all others similarly situated,
12                                              AMENDED STIPULATION REGARDING
                Plaintiff,                      SETTLEMENT; EXHIBITS 1-4
13
           v.
14
    PETROL TRANSPORT, INC., BLM
15  TRANSPORTATION COMPANY, INC.;
    and DOES 1 through 100,
16
                Defendants.
17

18

19         Plaintiff ANGIE DAVIS BALL, individually and on behalf of all others similarly

20  situated, who is the individual named Plaintiff, on behalf of herself and on behalf of all members of a

21  certain class hereinafter defined, and Defendants PETROL TRANSPORT, INC. and BLM

22  TRANSPORTATION COMPANY, INC. (together "Defendants"), collectively referred to as

23  "parties," hereby stipulate and agree on all of the terms of the settlement in this matter, and request a

24  hearing for preliminary approval of class action settlement. The parties have agreed as follows:

25                              DEFINITIONS

26         1.    As used herein, the following terms shall have the following meanings:

27         1.1.    "Claim Administrator" means Williams, Brown & Co. or any other third

28  party that is mutually acceptable to the Parties.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

STIPULATION REGARDING SETTLEMENT                          Case No. CV-F-04-5370-AWI-LJO

1       1.2.    "Class Action" means the civil action originally filed in the United States

2   District Court in the Eastern District of California, Case No.CV-F-04-5370-AWI-LJO.

3       1.3.    "Class Counsel" means the Law Office of Jerry Budin.

4       1.4.    "Class Notice" means the notice of pendency of the class action and

5   proposed settlement to be directed to the Settlement Class pursuant to the terms of the Preliminary

6   Approval Order. The Class Notice shall be substantially in the form of Exhibit "1" hereto.

7       1.5.    "Class Period" means the period commencing four years before the filing of

8   the class action through the date of entry of the Preliminary Approval Order.

9       1.6.    "Court" means the United States District Court in the Eastern District of

10  California (Fresno Division).

11      1.7.    "Cut-Off Date" means the date of entry of the Preliminary Approval Order.

12      1.8.    "Defendants" means Petrol Transport Corporation, Inc. and BLM

13  Transportation Company, Inc.

14      1.9.    "Effective Date" means the last of: (i) the date of final affirmance of an

15  appeal of the Order and Final Judgment, or the expiration of the time for a petition for a writ of

16  certiorari to review the Order and Final Judgment and, if certiorari be granted, the date of final

17  affirmance of the Order and Final Judgment following review pursuant to that grant; or (ii) the date

18  of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any

19  proceeding on certiorari to review the Order and Final Judgment; or (iii) if no appeal is filed, the

20  expiration date of the time for the filing or noticing of any appeal from the Order and Final

21  Judgment.

22      1.10.   "Eligible Class Member" means all persons who are members of the

23  Settlement Class except for those persons who validly request exclusion from the settlement as

24  provided in the Class Notice and Settlement Agreement.

25      1.11.   "Implementation Schedule" means the agreed upon dates for implementing

26  the Settlement Agreement as set forth in the Preliminary Approval Order attached hereto as

27  Exhibit 4.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION REGARDING SETTLEMENT                2.                Case No. CV-F-04-5370-AWI-LJO

1    1.12. "Named Plaintiff" means Angie Davis Ball, who has executed this

2    Stipulation in anticipation of becoming the only individual Named Plaintiff in the Complaint, the

3    filing of which is a part of this Stipulation.

4    1.13. "Order and Final Judgment" means the final judgment and order of

5    dismissal with prejudice to be entered by the Court substantially in the form of Exhibit "5" hereto.

6    1.14. "Parties" means Named Plaintiff and Defendants.

7    1.15. "Preliminary Approval Order" means the order to be entered by the Court

8    substantially in the form of Exhibit "4" hereto, upon the Parties' joint motion, preliminarily

9    approving the Settlement Agreement and authorizing the Class Notice.

10    1.16. "Released Parties" means (i) Defendants, (ii) successors or assigns of

11    Defendants, including but not limited to the Petrol Transport, Inc., and BLM Transportation

12    Company, Inc., and (iii) past or present officers, directors, shareholders, partners, agents, insurers,

13    employees, attorneys, advisors, accountants, representatives, plans, trusts, trustees, heirs, executors,

14    administrators, predecessors, successors or assigns of any of the foregoing.

15    1.17. "Settlement Agreement" means this stipulation regarding settlement and all

16    exhibits attached hereto.

17    1.18. "Settlement Award" means the gross payment that each Eligible Class

18    Member shall be entitled to receive under the terms of the Settlement Agreement.

19    1.19. "Settled Claims" means any and all claims, demands, rights, liabilities,

20    penalties, damages, liquidated damages and causes of action of every nature and description

21    whatsoever, known or unknown, asserted or that might have been asserted whether in tort, contract,

22    or for violation of any local, state or federal constitution, statute, rule or regulation, including local,

23    state and federal wage and hour laws, arising out of, relating to, or in connection with any facts,

24    transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act,

25    which did or could have arisen from Defendants' alleged policy requiring its truck driver employees

26    to work in excess of forty (40) hours per week without paying overtime pay and the consequences of

27    such policy including claims that Named Plaintiff or other members of the Settlement Class were not

28    paid all earned overtime pay for any and all time periods, including those that are equitably tolled, as

1   of and prior to the Cut Off Date in violation of the Fair Labor Standards Act ("FLSA") and the

2   California Business & Professions Code, and any and all remedies and penalties provided therein,

3   including but not limited to, Fair Labor Standards Act Sections 29 U.S.C. § 201 et seq. and Business

4   and Professions Code sections 17200, et seq., restitution, disgorgement, conversion and unjust

5   enrichment, attorneys' fees, costs, interest and all other penalties. This release is not intended to

6   affect any claim other than the Settled Claims that may exist between or among the Parties and does

7   not release any claim which may arise as to the enforcement of this Settlement Agreement.

8           1.20.    "Settlement Class" means those intrastate truck drivers employed by

9   Defendants who hauled bulk petroleum or other products solely within the State of California and

10  who worked in excess of forty (40) hours per week during the Class Period without being paid

11  overtime compensation.

12                                      **RECITALS**

13          2.      The action was originally filed in the United States District Court in the

14  Eastern District of California (Fresno Division) on March 3, 2004. Defendants answered Plaintiff's

15  Complaint on September 17, 2004. The Parties were able to reach a settlement in principle and

16  reported this result to the Court at the most recent Case Management Conference.

17          3.      The Parties have conducted significant investigation of the facts and law

18  during the prosecution of this Class Action. Such discovery and investigations have included, inter

19  alia, the exchange of information pursuant to formal and informal discovery, numerous meetings and

20  conferences between representatives of the Parties, interviews of numerous potential witnesses, and

21  a review of employee files. Counsel for the Parties have further investigated the applicable law as

22  applied to the facts discovered regarding the alleged claims of Named Plaintiff.

23          4.      It is Plaintiff's position that Defendants have had a consistent policy of

24  requiring their truck drivers, including Named Plaintiff, to work in excess of forty (40) hours per

25  week hauling bulk petroleum products solely within the State of California without paying them

26  overtime compensation as required by Federal and State laws.

27          5.      Defendants deny that they have any liability to Named Plaintiff or other

28  similarly situated truck drivers. Defendants contend that Named Plaintiff and others are exempt

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATION REGARDING SETTLEMENT**

4.

Case No. CV-F-04-5370-AWI-LJO

1  from the overtime provisions under FLSA pursuant to the motor carrier safety exemption, 29 U.S.C.

2  § 213(b)(1), and are not entitled to recovery under the California Business & Professions Code §

3  17200 et seq. It is Defendants' position, that they solicited interstate transportation and had more

4  than de minimus amount of interstate transportation. Defendants have proved that they have limited

5  financial resources and that an adverse judgment would jeopardize the employment of current

6  employees.

7        6.     Named Plaintiff recognizes the expense and length of continued

8  proceedings necessary to continue the litigation against Defendants through trial and through any

9  possible appeals. Named Plaintiff has also taken into account the uncertainty and risk of the

10  outcome of further litigation, and the difficulties and delays inherent in such litigation. Named

11  Plaintiff is also aware of the burdens of proof necessary to establish liability, Defendants' defenses

12  thereto, and the difficulties in establishing damages/restitution for the Settlement Class. Named

13  Plaintiff has also taken into account the extensive settlement negotiations conducted in the Class

14  Action to date. Based on the foregoing, Named Plaintiff has determined that the Settlement

15  Agreement is a fair, adequate and reasonable settlement, and that it is in the best interests of the

16  Settlement Class.

17        7.     Defendants concluded that any further defense of the Class Action would

18  be protracted and expensive. Substantial amounts of time, energy and resources of Defendants have

19  been and, unless this settlement is made, will continue to be devoted to the defense of the claims

20  asserted in the Class Action. Defendants have, therefore, agreed to settle in the manner and upon the

21  terms set forth in this Settlement Agreement in order to put to rest the claims as set forth in the Class

22  Action.

23        8.     Defendants and the Released Parties have denied and continue to deny each

24  of the claims and contentions alleged in the Class Action. Defendants have repeatedly asserted and

25  continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing

26  or legal liability arising out of any of the facts or conduct alleged in the Class Action. Defendants

27  also have denied and continue to deny, inter alia, the allegations that Named Plaintiff and the

28  Settlement Class have suffered damage, that Defendants did not pay Named Plaintiff and the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

STIPULATION REGARDING SETTLEMENT       5.       Case No. CV-F-04-5370-AWI-LJO

Settlement Class any amounts they were entitled to for all earned overtime pay pursuant to its overtime policy or that Named Plaintiff and the Settlement Class were harmed by the conduct alleged in the Class Action. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be: (i) construed as, offered or admitted in evidence as, received as, or deemed to be, evidence for any purpose, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed or referred to for any purpose, or offered or received in evidence, in any further proceeding in the Class Action, or any other civil, criminal or administrative action or proceeding against Defendants or any of the Released Parties except for purposes of settling this Class Action pursuant to this Settlement Agreement. The limitations set forth in this paragraph do not apply to the use and/or disclosure by Defendants against members of the Settlement Class to enforce this Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Named Plaintiff, on behalf of herself and the Settlement Class, and Defendants, and subject to the approval of the Court, that the Class Action is hereby being compromised and settled pursuant to the terms and conditions outlined in this Settlement Agreement, and that upon the Effective Date the Class Action shall be dismissed with prejudice subject to the recitals set forth herein above, which by this reference become an integral part of this Settlement Agreement, and subject to the following terms and conditions:

## BASIC SETTLEMENT TERMS

9. It is hereby agreed, by and between Named Plaintiff and Defendants, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, and without admission of any liability or wrongdoing whatsoever by Defendants, that upon entry of the Order and Final Judgment, each Eligible Class Member shall be deemed to have jointly and severally released and forever discharged the Released Parties from any and all Settled Claims, whether such Settled Claims are known or unknown.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
250 California Street
20th Floor
San Francisco, CA 94101 2893
415.433.1940

STIPULATION REGARDING SETTLEMENT

6.

Case No. CV-F-04-5370-AWI-LJO

10. Subject to Court approval and the conditions specified herein, and in exchange for the release of all Settled Claims by the Eligible Class Members, Defendants shall make funds available for Settlement in the gross amount One Hundred Fifty Thousand Dollars ($150,000) and shall be payable within forty five (45) days of the Effective Date, less applicable state and federal withholding tax, applicable payroll deductions, other deductions required by state and local law, and social security withholdings. The Parties agree that the amount that will be paid to each Eligible Class Member in this settlement is unknown at this time and cannot reasonably be calculated until all Eligible Class Members are identified and all claim forms are submitted and verified. The payment of any Settlement Award is expressly contingent upon the timely submission of a valid claim form by an Eligible Class Member; no obligation to pay any member of the Settlement Class a Settlement Award is created under this Settlement Agreement. The Parties agree that this Settlement Agreement does not create or establish a "common fund", and that all claims for payment shall be submitted directly to and paid by Defendants. Defendants shall have no obligation to segregate the funds comprising the funds available for settlement, and Defendants shall retain exclusive authority over and responsibility for those funds, consistent with the terms of this Settlement Agreement. All payments that Defendants are required to make pursuant to this Settlement Agreement shall be made from the funds available for settlement. Other than to Named Plaintiff, Defendants shall have no obligation to pay any amounts to Eligible Class Members in excess of approved claims for Settlement Awards as calculated in accordance with this Settlement Agreement. The Parties further agree that this Settlement Agreement shall not result in an unpaid residue within the meaning of California law, and that any contrary judicial determination shall void this Settlement Agreement.

11. The aforementioned funds available for settlement shall, in the aggregate, be the maximum total amount Defendants shall be required to pay exclusive only of attorneys' fees, the special payment to the Named Plaintiff described in para. 12.3 below and the employer's share of state and federal payroll taxes described in para. 12.2 below.

12. On the date specified by the Implementation Schedule, and solely for purposes of effectuating this Settlement Agreement, Defendants shall pay from the funds available

STIPULATION REGARDING SETTLEMENT

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Case No. CV-F-04-5370-AWI-LJO

1    for settlement, Settlement Awards to Eligible Class Members calculated in accordance with the
2    following eligibility and settlement formula requirements.

3         12.1.    Eligible Class Members who timely submit a valid claim from will share
4    One Hundred and Fifty Thousand Dollars ($150,000), less applicable state and federal withholding
5    tax, applicable payroll deductions, other deductions required by state and local law, and social
6    security withholdings.  The settlement will be distributed by dividing One Hundred and Fifty
7    Thousand Dollars ($150,000) by the total number of workweeks worked in the Class Period by
8    Eligible Class Members who timely submit claim forms.  The result will be multiplied by the
9    number of workweeks worked in the Class Period by each Eligible Class Member who timely
10   submitted a claim form to determine the gross amount of each such settlement payment.

11        12.2.    Employee Taxes and Deductions.  All Settlement Awards to Eligible Class
12   Members will be paid in a net amount after applicable state and federal withholding tax, applicable
13   payroll deductions, other deductions required by state and local law, and social security
14   withholdings, and payable within forty five (45) days of the Effective Date.  All Settlement Awards
15   paid to Eligible Class Members shall be reported by forms W-2 for tax purposes.

16        12.3.    Named Plaintiff.  Defendants shall pay the Named Plaintiff, in addition to
17   the Settlement Awards described above, a special payment of Ten Thousand Dollars ($10,000).  This
18   special payment shall be paid, contingent upon Named Plaintiff's fulfilling all of her obligations
19   under this Settlement Agreement; in order to compensate Named Plaintiff for the efforts that she
20   undertook on behalf of the Settlement Class and which have benefited the Settlement Class.  The
21   special payment shall not be subject to withholdings and shall be reported by form 1099 for tax
22   purposes.

23        12.4.    Class Counsel.  Subject to Court approval and the conditions specified
24   herein, and in exchange for the release of all Settled Claims by the Eligible Class Members,
25   Defendants shall pay the sum of Forty Five Thousand Dollars ($45,000) to Class Counsel, as
26   attorneys' fees and costs for prosecution of the Class Action, payable within forty five (45) days of
27   the Effective Date, provided that Class Counsel has provided Defendants' counsel with proof that
28   the Equitable Lien filed by the law firm of Green and Azevedo has been released or otherwise

LITTLER MENDELSON
A Partialum AL Corporation
450 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

STIPULATION REGARDING SETTLEMENT          8.                    Case No. CV-F-04-5370-AWI-LJO

1    satisfied. Class Counsel shall not seek and Defendants shall not pay any additional amounts as fees,

2    costs or other compensation to Class Counsel. Defendants' payment of Class Counsel's attorneys'

3    fees pursuant to this Settlement Agreement shall constitute full satisfaction of Defendants' and/or

4    any of the Released Parties' obligation to pay any amount to any person, attorney or law firm of

5    attorneys' fees, expenses or costs in the Class Action incurred on behalf of Named Plaintiff or the

6    Settlement Class, and shall relieve Released Parties from any other claims or liability to any other

7    attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim

8    to be entitled on behalf of Named Plaintiff and/or the Settlement Class.

9          13.    Defendants shall have the exclusive responsibility, subject to verification by

10    Class Counsel, for determining eligibility for and the gross and net amounts of any Settlement

11    Award to individual Eligible Class Members.

12          14.    Defendants and their attorneys agree not to oppose any application for

13    attorneys' fees or costs by Class Counsel so long as any such application is consistent with the

14    provisions of this Settlement Agreement. Any attorneys' fees payable under this Settlement

15    Agreement shall be paid to Class Counsel within the later of forty five (45) days following (i) the

16    Effective Date or (ii) any separate appeal of Class Counsel's fee award becomes final and no longer

17    subject to appeal.

18          15.    Any attorneys' fees, costs or expenses awarded by the Court to Class

19    Counsel shall be paid by Defendants by an instrument made payable to the Law Office of Jerry

20    Budin within forty five (45) days following (i) the Effective Date or (ii) any separate appeal of Class

21    Counsel's fee award becomes final and no longer subject to appeal, provided that Class Counsel has

22    provided Defendants' counsel with proof that the Equitable Lien filed by the law firm of Green and

23    Azevedo has been released or otherwise satisfied, and mailed to Law Office of Jerry Budin,

24    Attention: Jerry Budin. The Law Office of Jerry Budin shall provide a duly executed IRS Form W-9

25    as a condition of receipt of payment from Defendants. The payment of attorneys' fees and costs

26    shall be reported by form 1099 for tax purposes.

27          16.    The procedure for and the allowance or disallowance by the Court of any

28    application for attorneys' fees, costs, expenses, or reimbursement to Class Counsel are not part of the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATION REGARDING SETTLEMENT          9.          Case No. CV-F-04-5370-AWI-LJO

settlement of the Settled Claims as set forth in this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement of the Settled Claims as set forth in this Settlement Agreement, and any such separate order, finding, ruling, holding or proceeding related to any such applications, or any separate appeal from any separate order, finding, ruling, holding or proceeding relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or constitute an event justifying a right to set aside this Settlement Agreement or otherwise affect or delay the finality of the Order and Final Judgment or the Settlement of the Class Action as set forth herein.

17.     In no event shall there be any distribution from the funds available for settlement to any Eligible Class Member, Named Plaintiff or Class Counsel until after the Effective Date.

18.     Neither the Named Plaintiff, the Settlement Class nor Class Counsel shall have any responsibility or liability with respect to any administrative costs incurred in connection with the administration of, and the distribution of the settlement funds.   All charges for administration shall be paid by the Defendants.

19.     No person shall have any claim against Defendants or any of the Release Parties, Named Plaintiff, the Settlement Class, or Class Counsel based on distributions or payments made in accordance with this Settlement Agreement.

20.     If this Settlement Agreement is not approved, or is terminated, rescinded, canceled, or fails to become effective for any reason, and the Effective Date does not occur, then no funds shall be made available for settlement, no special payment to Named Plaintiff shall be made, and no attorneys' fees shall be paid.

21.     As part of this Settlement Agreement, Defendants shall not be required to enter into any consent decree, nor shall Defendants be required to agree to any provision for injunctive or prospective relief.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATION REGARDING SETTLEMENT          10.          Case No. CV-F-04-5370-AWI-LJO

## CLASS NOTICE AND SETTLEMENT FAIRNESS HEARING

22. As part of this Settlement Agreement, the Parties agree to the following procedures for obtaining the Court's preliminary approval of the Settlement Agreement, certifying the Settlement Class, notifying the Settlement Class, obtaining final Court approval of the Settlement Agreement and processing the Settlement Awards:

22.1. Named Plaintiff shall request a hearing date before the Court for preliminary approval of the Settlement Agreement and for an order certifying the Settlement Class for settlement purposes only. In conjunction with this request, the Parties will submit this Settlement Agreement and supporting papers, which shall set forth the terms of this Settlement Agreement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement Agreement.

22.2. Solely for purposes of this Settlement Agreement, Named Plaintiff will request the Court to enter the Preliminary Approval Order substantially in the form of Exhibit "4" hereto, preliminarily approving the proposed settlement, certifying the Settlement Class for settlement purposes only, and setting a date for the Settlement Fairness Hearing. The Preliminary Approval Order shall provide for notice of the Settlement Agreement and related matters to be sent to the Settlement Class as specified herein.

22.3. Notice of the settlement shall be provided to the Eligible Class Members, and members of the Settlement Class shall submit objections to the settlement and/or requests for exclusion from the Settlement Class, using the following procedures:

22.3.1. No later than the date specified in the Implementation Schedule, the Defendants shall send a copy of the Class Notice in the form attached hereto as Exhibit "1" (including a claim form in the form attached hereto as Exhibit "2" and the Exclusion Form attached hereto as Exhibit "3"), to all members of the Settlement Class via First Class regular U.S. mail, postage prepaid using the most current mailing address information available to Defendants as of the date of mailing. Any Class Notices returned as undeliverable within thirty (30) days of the original mailing date shall be sent to the forwarding address affixed thereto. If no forwarding address is affixed thereto, the Claims Administrator shall be deemed to have satisfied its obligation to provide

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STIPULATION REGARDING SETTLEMENT  11.  Case No. CV-F-04-5370-AWI-LJO

1    the Class Notice to members of the Settlement Class. In the event the procedures in this paragraph

2    are followed and the intended recipient of the Class Notice does not receive the Class Notice, the

3    intended recipient shall nevertheless remain a member of the Settlement Class and will be bound by

4    all terms of the Settlement Agreement and the Order and Final Judgment.

5            22.4.    The Class Notice shall provide that those members of the Settlement Class

6    who wish to object to the settlement must file with the Court and serve on counsel for the Parties a

7    written statement objecting to the settlement. Such written statement must be filed with the Court

8    and served on counsel for the Parties no later than the date specified in the Notice of Pendency of

9    Class Action, Proposed Settlement and Hearing. No member of the Settlement Class shall be

10   entitled to be heard at the Settlement Fairness Hearing (whether individually or through separate

11   counsel) or to object to the Settlement Agreement, and no written objections or briefs submitted by

12   any member of the Settlement Class shall be received or considered by the Court at the Settlement

13   Fairness Hearing, unless written notice of the class member's intention to appear at the Settlement

14   Fairness Hearing, and copies of any written objections or briefs, shall have been filed with the Court

15   and served on counsel for the Parties on or before the date specified in the Notice of Pendency of

16   Class Action, Proposed Settlement and Hearing. Members of the Settlement Class who fail to file

17   and serve timely written objections in the manner specified above shall be deemed to have waived

18   any objections and shall be foreclosed from making any objection (whether by appeal or otherwise)

19   to the Settlement Agreement.

20           22.5.    The Class Notice shall provide that members of the Settlement Class who

21   wish to exclude themselves from the settlement must submit a written statement requesting

22   exclusion from the class on or before the date specified in the Implementation Schedule. Such

23   written request for exclusion must contain the name, address, and telephone number of the person

24   requesting exclusion, must be returned by mail to the Claims Administrator and must be postmarked

25   on or before the date specified in the Notice of Pendency of Class Action, Proposed Settlement and

26   Hearing. The date of the postmark on the return mailing envelope shall be the exclusive means used

27   to determine whether a request for exclusion has been timely submitted. Any member of the

28   Settlement Class who requests exclusion ("opt outs") from the settlement will not be entitled to any

LITTLER MENDELSON
A Professional Corporation
500 Capitol Mall
20th Floor
San Francisco, CA  94100 2693
415.433.1940

STIPULATION REGARDING SETTLEMENT                    12.                    Case No. CV-F-04-5370-AWI-LJO

1   recovery from the funds available for settlement and will not be bound by the Settlement Agreement

2   or have any right to object, appeal or comment thereon. Members of the Settlement Class who fail

3   to submit a valid and timely request for exclusion on or before the date specified in the Notice of

4   Pendency of Class Action, Proposed Settlement and Hearing shall be bound by all terms of the

5   Settlement Agreement and the Order and Final Judgment, regardless of whether they have requested

6   exclusion from the settlement. The Claims Administrator shall provide Class Counsel with copies of

7   all claim forms and requests for exclusion as received from members of the Settlement Class.

8          22.6.    At no time shall any of the Parties or their counsel seek to solicit or

9   otherwise encourage members of the Settlement Class to submit written objections to the settlement

10  or requests for exclusion from the settlement, or appeal from the Order and Final Judgment.

11         22.7.    Upon expiration of the deadline for requesting exclusion from the

12  settlement as set forth in the Implementation Schedule, a Settlement Fairness Hearing shall be

13  conducted to determine final approval of the settlement along with the amount properly payable for

14  (i) attorneys' fees, and (ii) Named Plaintiff's special payment. Upon final approval of the settlement

15  by the Court at or after the Settlement Fairness Hearing, the Parties shall present the Order and Final

16  Judgment to the Court for its approval and entry in the form attached hereto as Exhibit "5".

17         22.8.    All members of the Settlement Class who have submitted a valid and timely

18  claim form, will be eligible to receive a Settlement Award from Defendants, less applicable state and

19  federal withholding tax, applicable payroll deductions, other deductions required by state and local

20  law, and social security withholdings. The claim form shall include instructions on how to submit

21  the form and shall notify the Eligible Class Members that the claim form must be completed in full,

22  signed and returned by mail no later than the date specified in the Implementation Schedule. The

23  date of the postmark on the return envelope shall be the exclusive means used to determine whether

24  members of the Settlement Class have timely returned his/her claim form on or before the applicable

25  deadline. Claim forms post-marked after the applicable deadline shall be disregarded., except that

26  Class Counsel and Defendant's Counsel may agree to accept any late-filed Claim for good cause

27  shown. Although Eligible Class Members who do not submit a valid and timely claim form will not

28  receive a Settlement Award, such persons shall nonetheless be bound by all of the terms of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
550 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

13.

STIPULATION REGARDING SETTLEMENT                    Case No. CV-F-04-5370-AWI-LJO

1    Settlement Agreement and the Order and Final Judgment. Settlement Awards shall be paid pursuant
2    to the settlement formula set forth herein no later than the date specified in the Implementation
3    Schedule. Defendants shall determine the eligibility for, and the amounts of, any Settlement Awards
4    under the terms of this Settlement Agreement, which shall be conclusive, final and binding on all
5    Parties, including all members of the Settlement Class, subject to review by Class Counsel and
6    approval by the Court. Administration of the settlement shall be completed on or before the date
7    specified in the Implementation Schedule. Upon completion of administration of the settlement, the
8    Claims Administrator shall provide written certification of such completion to the Court and Class
9    Counsel. Settlement Award checks shall remain valid and negotiable for 120 days from the date of
10   their issuance and thereafter may be automatically canceled if not cashed by an Eligible Class
11   Member within that time, at which time the Eligible Class Member's claim will be deemed void and
12   of no further force and effect.

13        22.9.    All of Defendants' attorneys' fees and costs incurred in the Class Action
14   and any attorneys' fees and costs incurred by Defendants in connection with the administration of
15   this settlement shall be paid by Defendants from Defendants' separate funds and not from the funds
16   available for settlement. The Parties agree to cooperate in the settlement administration process and
17   to make all reasonable efforts to control and minimize the costs and expenses incurred in the
18   administration of the settlement.

19        22.10.   In the event (i) the Court does not enter the Preliminary Order specified
20   herein; (ii) the Court does not finally approve the settlement as provided herein; (iii) the Court does
21   not enter the Order and Final Judgment as provided herein; or (iv) the settlement does not become
22   final for any other reason, this Settlement Agreement shall be null and void and any order or
23   judgment entered by the Court in furtherance of this settlement shall be treated as nunc pro tunc. In
24   such a case, any funds to be awarded under this Settlement Agreement shall be returned to their
25   respective statuses as of the date and time immediately prior to the execution of this Settlement
26   Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been
27   executed. In the event an appeal is filed from the Court's Order and Final Judgment, or any other

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
640 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATION REGARDING SETTLEMENT          14.          Case No. CV-F-04-5370-AWI-LJO

1  appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed
2  pending final resolution of the appeal or other appellate review.

3        22.11.   Defendants shall keep Class Counsel apprized of all distributions from the
4  funds available for settlement and upon completion of its administration of the settlement,
5  Defendants shall provide written certification of such completion to the Court and Class Counsel.

6        23.   Named Plaintiff and Class Counsel agree that none of the documents
7  provided to them by Defendants shall be used for any purpose other than prosecution of this Class
8  Action.

9        24.   Neither the terms of this Settlement Agreement nor the Settlement Award
10 paid to Named Plaintiff or any Eligible Class Members shall have any effect on the eligibility or
11 calculation of employee benefits of the Named Plaintiff or Eligible Class Members. The Parties
12 agree that any Settlement Awards paid to Eligible Class Members under the terms of this Settlement
13 Agreement do not represent any modification of any Eligible Class Member's previously credited
14 hours of service or other eligibility criteria under any employee pension benefit plan, employee
15 welfare benefit plan or other program or policy sponsored by Defendants. Further, the Settlement
16 Awards shall not be considered "compensation" or "annual earnings for benefits" in any year for
17 purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan,
18 employee welfare benefit plan or other program or policy sponsored by any of the Released Parties.

19        25.   From and after the execution of this Settlement Agreement, Named Plaintiff
20 and Class Counsel may not disclose the specific terms of this Settlement Agreement except that they
21 may, if required by law or as required under the terms of this Settlement Agreement, comment
22 regarding the specific terms of this Settlement Agreement. In all other cases, whether oral, written
23 or electronic (including the world wide web), Named Plaintiff and Class Counsel agree to limit their
24 statements regarding the terms of this Settlement Agreement to say that the Class Action has been
25 settled and that Named Plaintiff and Class Counsel are satisfied with the settlement terms. Neither
26 Named Plaintiff nor Class Counsel shall hold any press conference disclosing the terms of the
27 Settlement Agreement. This provision only applies to the terms of the Settlement Agreement and
28 does not preclude Named Plaintiff or Class Counsel from referring others to the Court file.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

STIPULATION REGARDING SETTLEMENT                15.                Case No. CV-F-04-5370-AWI-LJO

1      26.     The terms of this Settlement Agreement include the terms set forth in all of

2 the attached Exhibits "1" through "5", which are incorporated by this reference as though fully set

3 forth herein. The Exhibits to this Settlement Agreement are an integral part of the Settlement

4 Agreement. Except as set forth in the Exhibits to this Settlement Agreement, in the event of any

5 conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement

6 shall control.

7      27.     The Parties agree to hold all proceedings in the Class Action, except such

8 proceedings as may be necessary to implement and complete the Settlement Agreement, in abeyance

9 pending the Settlement Fairness Hearing to be conducted by the Court.

10     28.     This Settlement Agreement may be amended or modified only by a written

11 instrument signed by counsel for all Parties or their successors-in-interest.

12     29.     This Settlement Agreement and any attached Exhibits constitute the entire

13 agreement among these Parties, and no oral or written representations, warranties or inducements

14 have been made to any Party concerning this Settlement Agreement or its Exhibits other than the

15 representations, warranties and covenants contained and memorialized in such documents.

16     30.     Counsel for all Parties warrant and represent that they are expressly

17 authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all

18 appropriate action required or permitted to be taken by such Parties pursuant to this Settlement

19 Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate

20 the terms of this Settlement Agreement. The Parties and their respective counsel will cooperate with

21 each other and use their best efforts to effect the implementation of the Settlement Agreement. In

22 the event the Parties are unable to reach agreement on the form or content of any document needed

23 to implement the Settlement Agreement, or on any supplemental provisions that may become

24 necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance

25 of the Court to resolve such disagreement. The persons signing this Settlement Agreement on behalf

26 of Defendants represent and warrant that they are authorized to sign this Settlement Agreement on

27 behalf of Defendants.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STIPULATION REGARDING SETTLEMENT                16.                Case No. CV-F-04-5370-AWI-LJO

31.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

32.     All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

33.     This Settlement Agreement may be executed in one or more counterparts and by facsimile. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

34.     The Parties believe this Settlement Agreement is a fair, adequate and reasonable settlement of this Class Action and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors, present and potential.

35.     The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

36.     Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

37.     Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to render all provisions of this Settlement Agreement valid and enforceable.

38.     Named Plaintiff agrees to sign this Settlement Agreement and by signing this Settlement Agreement is bound by the terms herein stated and further agrees not to request to be excluded from the Settlement Class and agrees not to object to any of the terms of this Settlement Agreement. Non-compliance by Named Plaintiff with this paragraph shall be void and of no force

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94103-2693
415.433.1940

STIPULATION REGARDING SETTLEMENT                    17.                    Case No. CV-F-04-5370-AWI-LJO

1  or effect.  Any such request for exclusion or objection shall therefore be void and of no force or

2  effect.

3       39.    The Parties agree that the Implementation Schedule shall govern

4  implementation of the Settlement Agreement, and that the dates set forth in the Implementation

5  Schedule shall only be continued based on (i) the mutual consent of the Parties, or (ii) unavoidable

6  delays due to the Court's schedule, and, then, only to the extent of those delays.

7
8  Dated: May 24, 2006

9
10                          /s/ R. Brian Dixon
                            R. BRIAN DIXON
11                          LITTLER MENDELSON
                            A Professional Corporation
12                          Attorneys for Defendants
                            PETROL TRANSPORT, INC. AND
13                          BLM TRANSPORTATION COMPANY, INC.

14  Dated: May 24, 2006

15
16                          /s/ Jerry Budin
                            JERRY BUDIN
17                          LAW OFFICE OF JERRY BUDIN
                            Attorney for Plaintiff
18                          ANGIE DAVIS BALL, individually and on
                            behalf of all others similarly situated.

19  Dated: May 24, 2006
                            /s/ Angie Davis Ball (original signature retained
20                                              by attorney)
                            ANGIE DAVIS BALL
21                          Plaintiff

22  Dated: May 24, 2006
                            PETROL TRANSPORT, INC. AND BLM
23                          BLM TRANSPORTATION COMPANY,INC.

24
                            By:   /s/ Ted Bernard   (original signature retained by
25                                              by attorney
                            TED BERNARD
26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATION REGARDING SETTLEMENT        18.

# EXHIBIT 1

1  R. BRIAN DIXON, Bar No. 076247
   KEVIN F. CHUNG, Bar No. 191301
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA 94108.2693
   Telephone:   415.433.1940
5
   Attorneys for Defendants
6  PETROL TRANSPORT, INC. AND BLM
   TRANSPORTATION COMPANY, INC.
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ANGIE DAVIS BALL, individually and          Case No.  Case No.  CV-F-04-5370-AWI-LJO
    on behalf of all others similarly situated,
12                                              [PROPOSED] AMENDED NOTICE OF
               Plaintiff,                       PENDENCY OF CLASS ACTION,
13                                              PROPOSED SETTLEMENT AND
                                                HEARING
14      v.

15  PETROL TRANSPORT, INC. AND BLM
    TRANSPORTATION COMPANY, INC.,
16  and DOES 1 through 100,

17             Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON   [PROPOSED] NOTICE OF PENDENCY
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1

## IMPORTANT LEGAL NOTICE
## PLEASE READ THIS NOTICE CAREFULLY

2

3

4

**Your rights may be affected by a lawsuit that is pending in the United States District Court Eastern District of California (Fresno Division). NOTE: In order to either participate in or be excluded from the lawsuit you must take affirmative action. You must file a proof of claim form to participate in future proceedings or an exclusion form to opt out of further proceedings.**

5

6

7

8

9

10

1.     YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action ("Action") filed in the United States District Court Eastern District of California (Fresno Division) has been reached by the Parties and has been granted preliminary approval by the Court supervising the Action. The purpose of this Notice is to describe the Action, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in the above-captioned state court case. A Settlement Hearing will be held on September 14, 2006 to determine whether the Action should be granted final approval. Because your rights may be affected, it is extremely important that you read this Notice carefully. **You must file a claim which is postmarked by August 28, 2006, if mailed, or which is received by August 28, 2006, if delivered by means other than mail, to participate in the Settlement. If you fail to file a timely claim, you will receive nothing under the Settlement and your claim will be barred.**

11

### WHY SHOULD I READ THIS NOTICE?

12

13

14

2.     If you received this Notice, it is because it is believed that you are or were employed as an intrastate truck driver by Petrol Transport, Inc. or BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of California and worked more than forty (40) hours per week without being paid overtime compensation. If that is correct, then the information contained in this Notice affects your legal rights. You should read this Notice because you may be entitled to money under this Settlement.

15

### WHAT IS A CLASS ACTION?

16

17

18

3.     A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class. This avoids the necessity for a large number of individual lawsuits and enables the court to resolve similar claims efficiently. In a class action, the court supervises the prosecution of class claims by class counsel to insure fairness.

19

### PURPOSE OF THIS NOTICE

20

21

4.     The United States District Court Eastern District of California has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the proposed Settlement of this class action and your potential rights in regard to it.

22

### SUMMARY OF LITIGATION

23

24

25

26

27

28

5.     On March 3, 2004, a lawsuit was filed in the United States District Court in the Eastern District of California (Fresno Division) by Angie Davis Ball and on behalf of similarly situated current and former employees of Petrol Transport, Inc. and BLM Transportation Company, Inc. Defendants answered Plaintiff's Complaint on September 17, 2004. The lawsuit is styled Angie Davis Ball v. Petrol Transport, Inc. and BLM Transportation Company, Inc. It is Plaintiff's position that Defendants have had a consistent policy of requiring their truck drivers, including Named Plaintiff, to work in excess of forty (40) hours per week hauling bulk petroleum products solely within the State of California without paying them overtime compensation as required by Federal and State laws. As a result of these alleged failures to pay overtime compensation, Named Plaintiff contended that Named Plaintiff and other members of the Settlement Class have been unlawfully denied wages and otherwise harmed. Defendants deny that they have any liability to Named Plaintiff or any other Class Member. Defendants contend that Plaintiff and others similarly situated are exempt from the overtime provisions under FLSA pursuant to the motor carrier safety exemption, 29 U.S.C. § 213(b)(1), and are not entitled to recovery under the California Business & Professions Code § 17200 et seq. It is

[PROPOSED] NOTICE OF PENDENCY              2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
190 California Street
20th Floor
San Francisco, CA 94108.5453
415 433 1940

1    Defendants' position that they solicited interstate transportation and had more than de minimus amount of interstate
      transportation.

2

3    6.       On XXXX, 200_, the United States District Court for the Eastern District of California conditionally certified a
      Settlement Class consisting of all persons who are or were employed as an intrastate truck driver by Petrol Transport,
      Inc. or BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of

4    California and worked more than forty (40) hours per week during the Class Period without being paid overtime
      compensation. The Class Period is defined as the period from March 3, 2000 to [date of preliminary approval].

5

      7.       The Court has made no ruling on the merits of Class Members claims and has only determined that the Named
6    Plaintiff satisfied the requirements to maintain the Action as a class action for settlement purposes under California law.

7    8.       On XXXX, 2006, the Court appointed the following attorney to represent the Settlement Class ("Class
      Counsel") in this Action:

8
                                                        Jerry Budin, Esq.
9                                                   Law Office of Jerry Budin
                                                  1500 J. Street, Second Floor
10                                                      Modesto, CA  95354
                                            Tel: (209) 544-3030; Fax: (2029) 544-3144

11
                                                        YOUR OPTIONS
12
      9.       If you are a Class Member – that is, if you are or were employed as an intrastate truck driver for Petrol
13    Transport, Inc. or BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the
      State of California and worked more than forty (40) hours per week during the Class Period but were not paid overtime
14    compensation– you have several options. Before deciding what action, if any, you wish to take with respect to the
      proposed Settlement, you should read this Notice carefully.

15
      10.      If you want to participate in the Settlement, you must sign and date the attached Claim Form and either (1) mail
16    the completed Claim Form by postage pre-paid U.S. first class mail postmarked by no later than August 28, 2006, to the
      Claims Administrator at the following address, or (2) if delivered by any other means other than postage pre-paid U.S.
17    first class mail, deliver the Claim Form so that the Settlement Administrator actually receives it no later than August 28,
      2006, at the following address:

18
                                                     Claims Administrator
19                                                     Rick Williams
                                                 Williams Brown & Company
20                                            5558 California Avenue, Ste. 208
                                                   Bakersfield, CA  93309
21                                                     (661) 633-9122

22
      11.      If you need an extra copy of the Claim Form, contact the Claims Administrator or Class Counsel.  If any
23    information provided on the Claim Form is incorrect, please make corrections.  (For example, if your address is
      incorrect, please indicate what you think the correct information is.)  Also, please provide your telephone number and
24    any other indicated information referred to on your Claim Form if it is not provided.  If you wish to have confirmation
      that your Claim Form has been received by the Claims Administrator, you may do so by sending it by certified U.S. Mail
25    with a return-receipt request.

26    12.      If you are a Class Member and you choose to participate in the Settlement, you will be bound by all of the
      provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from
27    separately suing Petrol Transport, Inc. or BLM Transportation Company, Inc., its employees or any other related persons
      or entities for the matters being settled in this case (see paragraph 22 below).  **ANY CLASS MEMBER WHO DOES**
28    **NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT**

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940    [PROPOSED] NOTICE OF PENDENCY                3.

1 | **AMOUNT.**

2 | 13. If you do nothing, you will not be entitled to a share of Settlement payment. **HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU**

3 | **DID NOT RECEIVE ANY MONEY.** Therefore, you will not have the right to pursue your own claims against Petrol Transport, Inc. or BLM Transportation Company, Inc. and/or other related entities or persons if you do nothing.

4

5 | 14. You may opt out of the Settlement Class by mailing to the Claims Administrator at the address listed in paragraph 10, on or before August 28, 2006.' Such written request for exclusion must contain your name, address, telephone number and Social Security number and the years of your employment by one of the Defendants. The form

6 | must be returned by mail to the Claims Administrator at the address identified in Paragraph 10 above, and must be postmarked on or before August 28, 2006. The date of the postmark on the return mailing envelope shall be the

7 | exclusive means used to determine whether a request for exclusion has been timely submitted. If you chose to opt out, you will not be entitled to any recovery from the funds available for settlement and you will not be bound by the

8 | Settlement Agreement or have any right to object, appeal or comment thereon. If you submit the exclusion form after the above specified date, you will be bound by all terms of the Settlement Agreement and the Order and Final Judgment,

9 | regardless of whether you have requested exclusion from the settlement.

10 | 15. You may object to the Settlement Agreement, personally or through an attorney, by mailing your objections **TO EACH OF THE FOLLOWING:**

11

12 | **CLERK OF COURT**
United States District Court Eastern District of California (Fresno Division)
2500 Tulare Street

13 | Fresno, CA 93721
Re: *Angie Davis Ball v. Petrol Transport, Inc. et al.*

14 | Case No. CV-F-04-5370-AWI-LJO

15 | **AND**

16 | **JERRY BUDIN, ESQ.**
Law Office of Jerry Budin

17 | 1500 J. Street, Second Floor
Modesto, CA 95354

18 | Tel: (209) 544-3030; Fax: (2029) 544-3144

19 | **AND**

20 | **R. BRIAN DIXON, ESQ.**
Littler Mendelson

21 | 650 California Street, 20th Floor
San Francisco, CA 941084-2693

22 | 16. No Class Member, however, shall be heard or entitled to object, and no papers or briefs submitted by any such

23 | person shall be received or considered by the Court, unless written notice of intention to appear at the Settlement Hearing together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have

24 | been postmarked no later than July 26, 2006, and mailed to each addressee in paragraph 15 above. All such objections must be signed and should contain your address, social security number and the name of the case (ANGIE DAVIS

25 | BALL v. PETROL TRANSPORT, INC. AND BLM TRANSPORTATION, INC.). If you submit an objection, you may appear personally or through an attorney, at your own expense, at the Settlement Hearing to present your objection

26 | directly to the Court. Your objection should clearly explain why you object to the Settlement and must state whether you (or someone on your behalf) intend to appear at the Settlement Hearing. If you object to the Settlement, you will remain

27 | a member of the Class and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way and to the same extent as a Class Member who does not object. Any member of the Class who does not make

28 | and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.133.1940

[PROPOSED] NOTICE OF PENDENCY                    4.

1    shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement. Any member of the
2    Class who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.

3                    **SUMMARY OF THE TERMS OF THE SETTLEMENT AGREEMENT**

4    17.    Defendants and Plaintiff have agreed to an early resolution of these claims, without trial, in order to avoid the
     uncertainties, expense and time that would be required to litigate the claims of each potential class member. The Court
5    has reviewed the proposed settlement and given it preliminary approval, subject to the comments and/or objections of
     potential Class Members. The Court will hold a hearing on September 14, 2006 at 2:00 p.m. to determine whether to
6    grant final approval of the settlement. The description below is a summary of the terms of the settlement. You may
     obtain more information about the proposed settlement by contacting the attorneys noted above.

7    18.    According to the terms of the proposed settlement, and for purposes of settlement only, Defendants have agreed
     to stipulate to a settlement class composed of current and former intrastate truck drivers of Petrol Transport, Inc. and
8    BLM Transportation Company, Inc. who hauled bulk petroleum or other products solely within the State of California
     and worked for more than forty (40) hours in a week during the Class Period without being paid overtime compensation.
9    The Class Period is defined as the period from March 3, 2000 to [date of preliminary approval order].

10   19.    Settlement Amount: Defendants and Plaintiff have agreed that, to resolve this action, Defendants will pay a
     maximum of One Hundred and Sixty Thousand Dollars ($160,000), less applicable state and federal withholding tax,
11   applicable payroll deductions, other deductions required by state and local law, and social security withholdings, for
     purposes of this settlement ("Settlement Fund"). The Settlement Fund will be used to pay the claims of members of the
12   settlement class who submit a Proof of Claim Form and who do not choose to exclude themselves from the Lawsuit.
     The Settlement Fund also provides a payment to the class representative for her activities a Named Plaintiff. Individual
13   payments to Eligible Class Members shall be paid from the Settlement Fund based on a formula that will provide a fixed
     payment, less applicable state and federal withholding tax, applicable payroll deductions, other deductions required by
14   state and local law, and social security withholdings as follows.

15   20.    Class Members: The potential Eligible Class Members consist of persons who are or were employed by Petrol
     Transport, Inc. or BLM Transportation, Inc. as intrastate truck drivers during the Class Period who hauled bulk
16   petroleum or other products solely within the Sate of California and who worked more than forty (40) hours in a week
     without being paid overtime compensation. The Class Period is defined as the period from March 3, 2000 to [date of
17   preliminary approval order]. Eligible Class Members who timely submit a valid claim from will share One Hundred and
     Fifty Thousand Dollars ($150,000), less applicable state and federal withholding tax, applicable payroll deductions, other
18   deductions required by state and local law, and social security withholdings. The settlement will be distributed by
     dividing One Hundred and Fifty Thousand Dollars ($150,000) by the total number of workweeks worked in the Class
19   Period by Eligible Class Members who timely submit claim forms. The result will be multiplied by the number of
     workweeks worked in the Class Period by each Eligible Class Member who timely submitted a claim form to determine
20   the gross amount of each such settlement payment, less applicable state and federal withholding tax, applicable payroll
     deductions, other deductions required by state and local law, and social security withholdings. Defendants shall pay the
21   Named Plaintiff, in addition to the Settlement Awards described above, a special payment in the sum of Ten Thousand
     Dollars ($10,000.00). This special payment shall be paid in order to compensate Named Plaintiff for the efforts that she
22   undertook on behalf of the Settlement Class and which have benefited the Settlement Class. Subject to the foregoing,
     settlement payments to Eligible Class Members and the special payment to Named Plaintiff shall be made within forty
23   five (45) days after the Effective Date.

24   21.    Attorneys' Fees for Class Counsel: Subject to Court approval and the conditions specified herein, and in
     exchange for the release of all Settled Claims by the Eligible Class Members, Defendants shall pay the sum of Forty-Five
25   Thousand Dollars ($45,000.00) to Class Counsel, as attorneys' fees and costs for prosecution of the Class Action. This
     amount is paid as statutory attorneys' fees in addition to the Settlement Fund. Defendants' payment of Class Counsel's
26   attorneys' fees pursuant to this Settlement Agreement shall constitute full satisfaction of Defendants' and/or any of the
     Released Parties' obligation to pay any amount to any person, attorney or law firm of attorneys' fees, expenses or costs
27   in the Class Action incurred on behalf of Named Plaintiff or the Settlement Class, and shall relieve Released Parties from
     any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

[PROPOSED] NOTICE OF PENDENCY                    5.

of them may claim to be entitled on behalf of Named Plaintiff and/or the Settlement Class. Subject to the foregoing, payment of attorneys' fees to Class Counsel shall be made within forty five (45) days of the Effective Date.

The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to Class Counsel are not part of the settlement of the Settled Claims as set forth in this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement of the Settled Claims as set forth in this Settlement Agreement, and any such separate order, finding, ruling, holding or proceeding related to any such applications, or any separate appeal from any separate order, finding, ruling, holding or proceeding relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or constitute an event justifying a right to set aside this Settlement Agreement or otherwise affect or delay the finality of the Order and Final Judgment or the Settlement of the Class Action.

22. Release: Any Class Member not excluding himself or herself from the Class Settlement will be deemed to have released any and all claims, demands, rights, liabilities, penalties, damages, liquidated damages and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted whether in tort, contract, or for violation of any local, state or federal constitution, statute, rule or regulation, including local, state and federal wage and hour laws, arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which did or could have arisen from their payment of wages by Defendants, including claims that Named Plaintiff or other members of the Settlement Class were not paid all earned overtime compensation, for any and all time periods, including those that are equitably tolled, as of and prior to the Cut Off Date in violation of the Fair Labor Standards Act and the California Business & Professions Code, and any and all remedies and penalties provided therein, including but not limited to, Business and Professions Code sections 17200, et seq., restitution, disgorgement, conversion and unjust enrichment, attorneys' fees, costs, interest and all other penalties. This release is not intended to affect any claim other than the Settled Claims that may exist between or among the Parties and does not release any claim which may arise as to the enforcement of this Settlement Agreement.

23. Conditions of The Settlement. This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class.

## NO RETALIATION OR UNDUE INFLUENCE

24. Applicable law prohibits Defendants from retaliating against employees who exercise their rights under wage and hour laws. Additionally, Defendants have agreed that they will not contact Class Members for the purpose of attempting to influence them not to participate in this Settlement; will not take any adverse employment action, or otherwise target, retaliate or discriminate against any Class Member who elects or indicates an intention to participate in this Settlement; and will not disclose the identities of Class Members who elect or decline to participate in this Settlement to any person (i.e., supervisory personnel) employed by Defendants. In the event you feel you have been threatened or coerced not to participate in this Settlement, or are retaliated against for electing to participate in this Settlement, you should immediately contact Class Counsel listed in paragraph 8.

## HEARING ON PROPOSED SETTLEMENT

25. **You are not required to attend the Hearing or file an objection, but you may do either or both.**

26. The Settlement Hearing on the adequacy, reasonableness and fairness of the Settlement Agreement will be held on September 14, 2006, at 2:00 p.m. in Department 8 of the United States District Court Eastern District of California (Fresno Division) located at 2500 Tulare Street in Fresno, California. The Settlement Hearing may be continued without further notice.

27. You may object, personally or through an attorney, to the proposed Settlement by mailing your objection and following the procedures outlined in paragraphs 15 and 16 above.

1   28.    Any Class Member who does not object in the manner provided above shall be deemed to have approved the
    Settlement and to have waived such objections and shall be forever foreclosed from making any objections (by appeal or
2   otherwise) to the proposed Settlement.

3                                              **CHANGE OF ADDRESS**

4   29.    If you move after receiving this Notice, if it was misaddressed or if for any reason you want your payment or
    future correspondence concerning this Action and the Settlement to be sent to a different address, you should supply
5   your current preferred address to the Settlement Administrator at the address set forth in paragraph 10, and to Class
    Counsel.
6
                                **REMINDER AS TO PARTICIPATION REQUIREMENTS**
7
    30.    If you wish to participate in the Settlement of this class action, you should be sure to fill out, complete and
8   return a copy of the Claim Form to the Claims Administrator so that it is postmarked on or before August 28, 2006, or
    delivered in a manner that will ensure its receipt by the Claims Administrator by no later than August 28, 2006.
9
                                             **ADDITIONAL INFORMATION**
10
    34.    The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be
11  comprehensive. For a more detailed statement of the matters involved in the Action and the proposed Settlement, you
    may refer to the pleadings, the Joint Stipulation of Settlement, and other papers filed in the Action, which may be
12  inspected at the Office of the Clerk of the United States District Court Eastern District of California, located in Fresno,
    California, during regular business hours of each court day.
13
    All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to counsel for the
14  Settlement Class:

15                                              **Jerry Budin, Esq.**
                                             **Law Office of Jerry Budin**
16                                          **1500 J. Street, Second Floor**
                                              **Modesto, CA 95354**
17                                  **Tel: (209) 544-3030; Fax: (2029) 544-3144**

18
    **PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, PETROL TRANSPORT, BLM**
19  **TRANSPORTATION COMPANY OR THE ATTORNEYS OF PETROL TRANSPORT AND BLM**
    **TRANSPORTATION COMPANY WITH INQUIRIES.**
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON    [PROPOSED] NOTICE OF PENDENCY                    7.
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

# EXHIBIT 2

| | |
|---|---|
| 1 | R. BRIAN DIXON, Bar No. 076247<br>KEVIN F. CHUNG, Bar No. 191301 |
| 2 | LITTLER MENDELSON<br>A Professional Corporation |
| 3 | 650 California Street<br>20th Floor |
| 4 | San Francisco, CA 94108.2693<br>Telephone: 415.433.1940 |
| 5 | |
| 6 | Attorneys for Defendants<br>PETROL TRANSPORT, INC. AND BLM<br>TRANSPORTATION COMPANY, INC. |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGIE DAVIS BALL, individually and on behalf of all others similarly situated, | | Case No. CV-F-04-5370-AWI-LJO |
| Plaintiff, | | **[PROPOSED] AMENDED PROOF OF CLAIM FORM** |
| v. | | |
| PETROL TRANSPORT, INC. AND BLM TRANSPORTATION COMPANY, INC., and DOES 1 through 100, | | |
| Defendants. | | |

[PROPOSED] PROOF OF CLAIM FORM

| | |
|---|---|
| ANGIE DAVIS BALL, individually and on behalf of all others similarly situated, | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA |
| Plaintiff, | Case No. CV-F-04-5370-AWI-LJO |
| v. | **CLAIM FORM** |
| PETROL TRANSPORT, INC., BLM TRANSPORTATION COMPANY, INC., and DOES 1 through 100, | |
| Defendants. | |

## CLAIM FORM

### PLEASE PRINT CLEARLY

I submit this Proof of Claim Form in order to participate in the settlement of this Lawsuit.

### I.    CLAIMANT INFORMATION

Name: _____

Street Address: _____

City, State, Zip Code: _____

Business Telephone No. ( ) _____

Home Telephone No. ( ) _____

Social Security Number: _____

[THE INTERNAL REVENUE SERVICE REQUIRES THIS INFORMATION. YOUR CLAIM WILL BE REJECTED IF IT IS NOT PROVIDED.]

### II.    SUBMISSION TO JURISDICTION OF THE COURT

I submit this Proof of Claim under the terms of the proposed settlement described in the Notice of Pendency of Class Action, Proposed Settlement and Hearing. I submit to the jurisdiction of the United States District Court Eastern District of California with respect to my claim as a member of the settlement class. I acknowledge that I am bound by and subject to the terms of any judgment that may be entered in this Lawsuit. I agree to supply additional information to support this Proof of Claim as reasonably necessary. I am or was employed by Petrol Transport, Inc. or BLM Transportation Company, Inc. as an intrastate truck driver who hauled bulk petroleum and other products solely within the State of California and worked in excess of forty (40) hours per week without being paid overtime compensation.

### III.    ACCEPTANCE OF INDIVIDUAL SETTLEMENT AMOUNT

☐ I hereby acknowledge that I understand the settlement terms as described in the Notice of Pendency of Class Action; Proposed Settlement and Hearing and agree to accept the settlement disbursement in exchange for the release of claims defined below in section IV.

LITTLER MENDELSON
A Professional Corporation
550 California Street
20th Floor
San Francisco CA 94108-2693
415.433.1940

[PROPOSED] PROOF OF CLAIM FORM                    2

## IV.    ACKNOWLEDGMENT OF RELEASE OF CERTAIN CLAIMS

I submit this Proof of Claim with the understanding and agreement that I am giving up the right to pursue certain legal claims (as described in the Notice of Pendency of Class Action, Proposed Settlement and Hearing) in exchange for the payment I will receive.

By completing this Proof of Claim form and accepting the benefits under this settlement, I, on behalf of myself, and each of my heirs, representatives, successors, assigns, and attorneys, hereby release and discharge Petrol Transport, Inc. and BLM Transportation Company, Inc. and each of their officers, directors, employees, shareholders, agents, representatives, successors, assigns, parents, subsidiaries, affiliated companies, and attorneys (collectively the "Release Parties"), from each of the Settled Claims.

For the purpose of this release, "Settled Claims" means any and all claims, demands, rights, liabilities, penalties, damages, liquidated damages and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted whether in tort, contract, or for violation of any local, state or federal constitution, statute, rule or regulation, including local, state and federal wage and hour laws, arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which did or could have arisen from Petrol Transport, Inc.'s or BLM Transportation Company, Inc.'s alleged policy requiring its truck driver employees to work in excess of forty (40) hours per week without paying overtime pay and the consequences of such policy including claims that Named Plaintiff or other members of the Settlement Class were not paid all earned overtime pay for any and all time periods, including those that are equitably tolled, as of and prior to the [date of preliminary approval order] in violation of the Fair Labor Standards Act and the California Business & Professions Code, and any and all remedies and penalties provided therein, including but not limited to, the Fair Labor Standards Act Sections 29 U.S.C. 201 et seq. and  Business and Professions Code sections 17200, et seq., restitution, disgorgement, conversion and unjust enrichment, attorneys' fees, costs, interest and all other penalties. This release is not intended to affect any claim other than the Settled Claims that may exist between or among the Parties and does not release any claim which may arise as to the enforcement of this Settlement Agreement.

**I have submitted no other claim for unpaid overtime wages against Petrol Transport, Inc. and BLM Transportation Company, Inc. and I know of no other person who has submitted such a claim on my behalf.**

---

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**

*Enter your Social Security Number:*  ☐☐☐ -- ☐☐ -- ☐☐☐☐

*Under penalties of perjury, I certify that:*

*1.    The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and*

2.    I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.    I am a U.S. person (including a U.S. resident alien).

*Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.*

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
550 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

[PROPOSED] PROOF OF CLAIM FORM                3

**V.    DECLARATION UNDER PENALTY OF PERJURY**

I declare, under penalty of perjury under the laws of the State of California, that all of the information contained in this Proof of Claim form is true and correct, and that I signed this Proof of Claim form on _____ (date), at _____ (city and state).

_____
(Claimant's signature)

_____
(Type or print your name)

**SEND THIS PROOF OF CLAIM FORM TO:**

<div align="center">

**Claims Administrator**
**Rick Williams**
**Williams Brown & Company**
**5558 California Avenue, Ste. 208**
**Bakersfield, CA 93309**
**(661) 633-9122**

</div>

**THIS PROOF OF CLAIM FORM SHOULD BE POSTMARKED BY AUGUST 28, 2006 TO ENSURE PROMPT PROCESSING.  CLAIMS NOT POSTMARKED ON OR BEFORE AUGUST 28, 2006 WILL BE REJECTED.**

LITTLER MENDELSON
A Professional Corporation
558 California Street
20th Floor
San Francisco, CA 94101 2693
415.433.1940

[PROPOSED] PROOF OF CLAIM FORM                    4

# EXHIBIT 3

1  R. BRIAN DIXON, Bar No. 076247
   KEVIN F. CHUNG, Bar No. 191301
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA 94108.2693
   Telephone:    415.433.1940
5
   Attorneys for Defendants
6  PETROL TRANSPORT, INC. AND BLM
   TRANSPORTATION COMPANY, INC.
7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10
   ANGIE DAVIS BALL, individually and        Case No. CV-F-04-5370-AWI-LJO
11 on behalf of all others similarly situated,
                                              [PROPOSED] AMENDED REQUEST FOR
12              Plaintiff,                     EXCLUSION FROM CLASS FORM

13        v.

14 PETROL TRANSPORT, INC. AND BLM
   TRANSPORTATION COMPANY, INC.,
15 and DOES 1 through 100,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940
PROPOSED] REQUEST FOR EXCLUSION
FORM

1    *Angie Davis Ball v. Petrol Transport, Inc., et al.*

2                                c/o Claims Administrator
                                    Rick Williams
3                             Williams Brown & Company
                             5558 California Avenue, Ste. 208
4                                 Bakersfield, CA 93309
                                    (661) 633-9122
5
                             REQUEST FOR EXCLUSION
6
                               PLEASE PRINT CLEARLY
7
             I am or was employed by Petrol Transport, Inc. or BLM Transportation Company, Inc. as a truck
8    driver and worked in excess of forty (40) hours per week without being paid overtime compensation. I have received the
     Notice of Pendency of Class Action, Proposed Settlement and Hearing.
9
             I wish to be **EXCLUDED** from the settlement class and do NOT wish to participate in the proposed
10   settlement of the lawsuit. I understand that, by excluding myself from the lawsuit, I will not share in any settlement, and
     will not be bound by any rulings or verdict which may be made in the lawsuit.
11

12   DATED: _____, 2006        _____
                                         (Signature)
13

14                                       _____
                                         (Type or print your name)
15

16                                       _____

17
                                         _____
18                                       (Address)

19                                       _____
                                         (Telephone number)

20   SEND THIS REQUEST FOR EXCLUSION FORM TO:

21                                Claim Administrator
                                    Rick Williams
22                            Williams Brown & Company
                             5558 California Avenue, Ste. 208
23                                Bakersfield, CA 93309
                                    (661) 633-9122
24

25   THIS REQUEST FOR EXCLUSION FORM SHOULD BE POSTMARKED BY AUGUST 28, 2006 TO ENSURE
     PROMPT PROCESSING.   CLAIMS NOT POSTMARKED ON OR BEFORE AUGUST 28, 2006 WILL BE
26   REJECTED.

27

28
     [PROPOSED] REQUEST FOR EXCLUSION
LITTLER MENDELSON   FORM
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

EXHIBIT B

| EMPL CITY/STATE & ZIP CODE | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | WORK WEEKS TOTAL | ALLOCATED AMOUNT PER WORK WEEK | GROSS AMOUNT SUBJECT TO TAXES AND OTHER WITHHOLDINGS |
|---|---|---|---|---|---|---|---|---|---|---|
| ALEJ DELANO, CA. 93215 | | 49 | 49 | 23 | 52 | 52 | 24 | 249 | 16.41676 | 4,087.77 |
| ANG SHAFTER, CA. 93263 | 24 | 52 | 9 | | | | | 85 | 16.41676 | 1,395.42 |
| ARA MCFARLAND, CA. 93250 | 43 | 52 | 49 | 40 | 52 | 52 | 24 | 312 | 16.41676 | 5,122.03 |
| ARN BAKERSFIELD, CA. 93306 | 0 | | | | 12 | 9 | | 21 | 16.41676 | 344.75 |
| BALL BAKERSFIELD, CA. 93308 | | | 58 | 22 | | | | 80 | 16.41676 | 1,313.40 |
| BATA EARLIMART, CA. 93219 | | | | | 26 | 52 | 5 | 83 | 16.41676 | 1,362.59 |
| BISH SANTA MARIA, CA. 93455 | | | | | 10 | 52 | 24 | 86 | 16.41676 | 1,411.84 |
| BLAC BAKERSFIELD, CA. 93309 | 43 | 52 | 52 | 52 | 52 | 13 | | 264 | 16.41676 | 4,334.02 |
| BLAC BAKERSFIELD, CA. 93309 | | | | | 21 | | | 21 | 16.41676 | 344.75 |
| BRO BAKERSFIELD, CA. 93309 | 43 | 52 | 52 | 52 | 52 | 52 | 24 | 327 | 16.41676 | 5,368.28 |
| CALD BAKERSFIELD, CA. 93311 | | | 29 | 6 | | | | 35 | 16.41676 | 574.59 |
| CAPA DELANO, CA. 93215 | 10 | 52 | 52 | 52 | 52 | 52 | 24 | 294 | 16.41676 | 4,826.53 |
| CHA BAKERSFIELD, CA. 93309 | 43 | 22 | | | | | | 65 | 16.41676 | 1,067.09 |
| COC BAKERSFIELD, CA. 93308 | | | | | 8 | | | 8 | 16.41676 | 131.33 |
| CORE BAKERSFIELD, CA. 93308 | | 1 | 29 | | | | | 30 | 16.41676 | 492.50 |
| CRUZ BAKERSFIELD, CA. 93304 | 43 | 0 | | | | | | 43 | 16.41676 | 705.92 |
| CUES BAKERSFIELD, CA. 93301 | | | | | 18 | | | 18 | 16.41676 | 295.50 |
| DAN MACOMB, OK. 74852 | | | | 3 | | | | 3 | 16.41676 | 49.25 |
| DOSE BAKERSFIELD, CA. 93308 | 24 | 52 | 52 | 36 | 12 | | | 176 | 16.41676 | 2,889.35 |
| ESCO BAKERSFIELD, CA. 93313 | 43 | 3 | | | | | | 46 | 16.41676 | 755.17 |
| FLAN BAKERSFIELD, CA. 93308 | | | | | 36 | 52 | 24 | 112 | 16.41676 | 1,838.68 |
| FLOR BUTTONWILLOW, CA. 93206 | 43 | 52 | 52 | 52 | 52 | 20 | 8 | 279 | 16.41676 | 4,580.28 |
| FORG BAKERSFIELD, CA. 93306 | | | | | | 49 | 24 | 73 | 16.41676 | 1,198.42 |
| GARI BAKERSFIELD, CA. 93309 | | 9 | | | | | | 9 | 16.41676 | 147.75 |
| GENI DELANO, CA. 93215 | | | | | 7 | | | 7 | 16.41676 | 114.92 |
| GILB SANTA MARIA, CA. 93455 | | | | | | 2 | 24 | 26 | 16.41676 | 426.84 |
| GON BAKERSFIELD, CA. 93307 | 10 | | | | | | | 10 | 16.41676 | 164.17 |
| GON BAKERSFIELD, CA. 93311 | 43 | 52 | 52 | 52 | 52 | 52 | 24 | 327 | 16.41676 | 5,368.28 |
| HERN FILLMORE, CA. 93015 | | 3 | 52 | 52 | 52 | 52 | 21 | 232 | 16.41676 | 3,808.69 |
| HILL BAKERSFIELD, CA. 93308 | | | | | 23 | | | 23 | 16.41676 | 377.59 |
| HILL BAKERSFIELD, CA. 93308 | | 30 | 46 | 12 | 52 | 52 | 24 | 216 | 16.41676 | 3,546.02 |
| HOX TITUSVILLE, FLORIDA 32796 | | | 30 | 52 | 1 | | | 83 | 16.41676 | 1,362.59 |
| JOHN BAKERSFIELD, CA. 93306 | | | 5 | | | | | 5 | 16.41676 | 82.08 |
| JOHN BAKERSFIELD, CA 93312 | 42 | | 28 | 52 | 34 | | | 156 | 16.41676 | 2,561.01 |
| JOHN BAKERSFIELD, CA. 93307 | | 37 | 52 | 52 | 52 | 52 | 24 | 269 | 16.41676 | 4,416.11 |
| KIRK BAKERSFIELD, CA. 93309 | 30 | 52 | 52 | 52 | 52 | 21 | | 259 | 16.41676 | 4,251.94 |
| LAN BAKERSFIELD, CA. 93308 | | 0 | | 17 | | | | 17 | 16.41676 | 279.08 |

| EMPL | CITY/STATE & ZIP-CODE | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LISTE | SANTA PAULA, CA. 93060 | | 6 | 52 | 52 | 52 | 52 | 21 | 235 | 16.41676 | 3,857.94 |
| LON | BAKERSFIELD, CA. 93305 | | | 6 | | 16 | 9 | | 31 | 16.41676 | 508.92 |
| LOPE | BAKERSFIELD, CA. 93306 | 43 | 52 | 52 | 52 | 52 | 52 | 1 | 304 | 16.41676 | 4,990.70 |
| LYON | BAKERSFIELD, CA. 93307 | | 41 | 24 | | | 20 | 24 | 109 | 16.41676 | 1,789.43 |
| MAR | BAKERSFIELD, CA 93307 | 43 | 52 | 36 | | | | 24 | 155 | 16.41676 | 2,544.60 |
| MAR | RICHGROVE, CA. 93261 | 2 | | | | 47 | | | 49 | 16.41676 | 804.42 |
| MED | BAKERSFIELD, CA. 93304 | 43 | 52 | 52 | 52 | 27 | | | 226 | 16.41676 | 3,710.19 |
| MEN | DELANO, CA. 93215 | 43 | 52 | 21 | | | | | 116 | 16.41676 | 1,904.34 |
| MOC | BAKERSFIELD, CA. 93309 | | | | | 9 | 52 | 24 | 85 | 16.41676 | 1,395.42 |
| MOC | BAKERSFIELD, CA. 93304 | | | 46 | 52 | 52 | 52 | 4 | 206 | 16.41676 | 3,381.85 |
| NOR | BAKERSFIELD, CA. 93380 | | | | | 37 | 2 | | 39 | 16.41676 | 640.25 |
| NOR | BAKERSFIELD, CA. 93380 | | | | | 35 | 4 | | 39 | 16.41676 | 640.25 |
| NUN | BAKERSFIELD, CA. 93308 | 38 | 52 | 52 | 6 | | | | 148 | 16.41676 | 2,429.68 |
| PICK | TITUSVILLE, FLORIDA 32796 | | | | 43 | 48 | | | 91 | 16.41676 | 1,493.93 |
| PORC | BAKERSFIELD, CA. 93306 | 22 | | | | | | | 22 | 16.41676 | 361.17 |
| PORT | BAKERSFIELD, CA. 93305 | | | | 3 | | | 14 | 17 | 16.41676 | 279.08 |
| RAM | MCFARLAND,CA. 93250 | | | 44 | 52 | 52 | 52 | 24 | 224 | 16.41676 | 3,677.35 |
| REYE | BAKERSFIELD, CA 93307 | | 35 | | 76 | 52 | 52 | 24 | 239 | 16.41676 | 3,923.61 |
| REZA | BAKERSFIELD, CA. 93305 | 43 | 52 | 52 | 52 | 52 | 52 | 24 | 327 | 16.41676 | 5,368.28 |
| ROBE | BAKERSFIELD, CA 93388 | | 42 | 7 | 17 | 12 | 52 | 24 | 154 | 16.41676 | 2,528.18 |
| RODI | SANTA MARIA, CA. 93455 | | | | | 8 | 52 | 24 | 84 | 16.41676 | 1,379.01 |
| RON | BAKERSFIELD, CA. 93307 | | | | 38 | 11 | | | 49 | 16.41676 | 804.42 |
| SALI | ARVIN, CA. 93203 | 18 | | | | | | | 18 | 16.41676 | 295.50 |
| SAND | BAKERSFIELD, CA. 93306 | 43 | 52 | 52 | 52 | 17 | | | 216 | 16.41676 | 3,546.02 |
| SAN | DELANO, CA. 93215 | | 29 | 52 | 52 | 4 | | | 137 | 16.41676 | 2,249.10 |
| SELF, | BAKERSFIELD,CA 93308 | 2 | | | | | | | 2 | 16.41676 | 32.83 |
| SPRA | BAKERSFIELD, CA. 93306 | 43 | 52 | 52 | 52 | 52 | 52 | 24 | 327 | 16.41676 | 5,368.28 |
| STEW | BAKERSFIELD, CA. 93309 | | | | | 7 | 4 | | 11 | 16.41676 | 180.58 |
| THO | BAKERSFIELD, CA. 93307 | | | | | | 24 | | 24 | 16.41676 | 394.00 |
| TOLE | BAKERSFIELD, CA. 93313 | 43 | 52 | 52 | 52 | 30 | | | 229 | 16.41676 | 3,759.44 |
| TUBB | BAKERSFIELD, CA. 93304 | 43 | 52 | 52 | 52 | 52 | 52 | 24 | 327 | 16.41676 | 5,368.28 |
| TURF | BAKERSFIELD, CA. 93312 | 43 | 52 | 52 | 52 | 14 | | | 213 | 16.41676 | 3,496.77 |
| VELA | SANTA MARIA, CA. 93456 | | | | | 9 | 52 | 24 | 85 | 16.41676 | 1,395.42 |
| VILL | BAKERSFIELD, CA. 93304 | 43 | 52 | 52 | 8 | | | | 155 | 16.41676 | 2,544.60 |
| WIND | BAKERSFIELD, CA. 93308 | | | | | 16 | | | 16 | 16.41676 | 262.67 |
| WRIG | BAKERSFIELD, CA. 93301 | | | | | 3 | 52 | 24 | 79 | 16.41676 | 1,296.92 |

9137                        $        150,000.00